[No. 20,040.   In Bank.—January 29, 1885.]

## THE PEOPLE, RESPONDENT, v. LOUIS WEBER, APPELLANT.

MURDER—JOINT ASSAULT—ASSAILANTS LIABLE AS PRINCIPALS.—Where two persons assist in committing an assault upon another, and inflict injuries upon him resulting in death, they are equally liable therefor as principals.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The defendant was convicted of the crime of manslaughter. The facts are sufficiently stated in the opinion of the court.

*Chas. B. Darwin,* for Appellant.

*Attorney General Marshall,* for Respondent.

MORRISON, C. J.—The defendant, Louis Weber, and one August Florentine, were prosecuted by information for the murder of one Samuel M. Williamson, charged to have been committed in the city and county of San Francisco, on the 20th day of January, 1884. The defendants had separate trials, and defendant Weber was convicted of the crime of manslaughter. The bill of exceptions states that " there was evidence in the case tending to show that defendant Weber had a fight; that defendant provoked and commenced the fight; that at one stage of the fight, deceased was apparently having the advantage of defendant; that at that time defendant called for help ; that thereupon the other defendant came at the call for help, and kicked the deceased; the evidence was conflicting as to whether or not the kick hit the deceased, but there was evidence that Florentine's kick did hit the deceased on the temple. There was also evidence tending to show that it was Florentine's kick which caused the death of Williamson. Death did not ensue for some time after the infliction of the injuries. After deceased was kicked by Florentine, defendant gave him some blows, or a kick or kicks on the head. The cause of death was the rupture of an artery in the head, produced by the blow or blows, kick or kicks, then or there received by deceased from one or the other, or both of the defendants jointly informed against. The testimony is conflicting as to the number of blows or kicks given by the defendant Weber to the deceased, but there is no testimony tending to show that any of them were in necessary self-defense, or for the safety of the defendant Weber."

The foregoing is a copy of the substantial facts in the case, as

the same appear in the defendant's bill of exceptions. The evidence shows that Weber began the difficulty, and took a direct and personal part in the fight. All that is said about an accessory before the fact, or any thing else, to bring the case within the provisions of section 971 of the Penal Code, may be eliminated from the case. The evidence clearly shows that there was a fight between Weber and Williamson, which Florentine took part in—that all three were principals in the difficulty; that both defendants inflicted injuries upon the deceased in the form of blows and kicks lodged upon the head. The bill of exceptions states that defendant Weber and the deceased had a fight, which was provoked by the defendant; that the defendant gave the deceased kicks and blows on the head; that there was a rupture of an artery in the head, and that death resulted therefrom. "The cause of the death was a rupture of an artery in the head, caused by the blow or blows, kick or kicks, then and there received by deceased from one or the other, or both of the defendants."

It hardly admits of any doubt that under such a state of facts defendants are equally guilty of causing the death of Williamson; and in view of the evidence, no question as to different degrees of guilt can properly arise. As the verdict simply establishes the crime of manslaughter, we think it is fully sustained by the evidence.

We find no error in the charge of the court to the jury. It is full and correct on the crimes of murder and manslaughter, and also contains a correct and full explanation of the law relating to justifiable and excusable homicide. The origin of the difficulty is not given in the bill of exceptions, but enough appears to show that the defendant Weber was the aggressor, and that the homicide was not committed in self-defense. The instructions fully cover the case, and are all the court was required to give.

Judgment and orders affirmed.

McKINSTRY, J., ROSS, J., McKEE, J., SHARPSTEIN, J., THORNTON, J., and MYRICK, J., concurred.