### B. F. AVERY & SONS v. HUNTON BROS. ET AL.

Decided March 10, 1900.

1. **Mistake—Description in Deed—Evidence Showing.**

Where a wife mortgaged her separate property to secure the husband's debt, describing it as lot 19 in block 1, instead of lot 13 in that block, the mortgage referring to the deed conveying the property to herself, wherein the same misdescription occurred as to number, but with other description therein tending to correctly identify the lot, and the wife owned no other part of said block except the lot so conveyed, there was sufficient evidence of mistake to warrant the submission of that issue to the jury, and the correction of the mortgage.

Vol. XXIII. Civil—23

**2. Same—Court May Correct Married Woman's Deed.**

Where, through mutual mistake, a married woman's deed of her separate property duly executed and acknowledged by her, misdescribes the property intended to be conveyed, a court of equity has power to correct the mistake and enforce the deed as it was intended by the parties.

APPEAL from Dallas.   Tried below before Hon. W. J. J. SMITH.

*McCormick & Spence,* for appellants.

*U. F. Short,* for appellees.

FINLEY, CHIEF JUSTICE.—This suit was brought by appellants, B. F. Avery & Sons, to recover against Hunton Bros., a firm composed of C. C., W. A., and G. W. Hunton, upon two promissory notes, and to correct the description in a deed of trust executed by C. C. Hunton and his wife, Mrs. N. N. Hunton, upon land which was the separate property of the wife, to secure the payment of one of said notes, and to foreclose the trust deed against them and one D. Lee, alleged to claim the property under a subsequent purchase from C. C. Hunton and his wife.   It was alleged that by mistake the property was described in the deed of trust as lot 19, in block No. 1, when in fact the property intended to be conveyed was lots 13 and 14 in block 1.   The subsequent purchaser, Lee, was charged with full knowledge of the deed of trust and the mistake in the description at the time of his purchase.   The defendants Hunton Bros. answered by demurrers, general denial, and specially pleaded that they had deposited with plaintiffs certain collateral security which they had neglected and caused to be lost, etc.   Mrs. N. N. Hunton demurred, denied generally and specially, denied the alleged mistake in description in so far as she was concerned, alleging that she never agreed to mortgage lots 13 and 14, and never authorized her husband to make any such agreement for her.   She does not allege that any fraud was practiced upon her by plaintiffs and her husband.   The defendant Lee claimed to be an innocent purchaser for value without notice of appellants' claim or rights.   Verdict and judgment were rendered in favor of plaintiffs against Hunton Bros. and members of the partnership, for the debt, interest, and attorney's fees, but the correction of the description and foreclosure of the deed of trust against Mrs. N. N. Hunton and D. Lee was denied, under peremptory instructions from the court.   The plaintiffs have appealed.

1.   The first question which arises is, whether there was any evidence tending to show that the parties to the deed of trust by mutual mistake described the property mortgaged as lot 19, while they intended to describe the property which was in fact lots 13 and 14.   It is familiar law, as a general proposition, that a court of equity will correct a mistake in description of property contained in a deed of trust or other voluntary conveyance, when the misdescription occurs through mutual mistake of the parties to the conveyance, and will enforce the conveyance in accord-

ance with the real intention of the parties. The evidence, without doubt, shows that it was the intention of the husband, C. C. Hunton, to execute a deed of trust upon lots 13 and 14, and of appellants to take a deed of trust upon that property. He pointed out that particular property to appellants' agents as the property he would mortgage in order to procure an extension of time on the indebtedness of Hunton Bros., and appellants' agents examined it and then agreed to take the lien and give the extension. Appellants' agent. drafted the deed of trust and was misled in the description by the description contained in the deed under which Mrs. Hunton derived title. It was fully understood that the property was the separate property of the wife, and that she was a necessary party to the conveyance. Appellants had no communication whatever with her. The mortgage was signed and acknowledged by the husband, and he took it and procured her signature and acknowledgment. She signed and acknowledged the deed of trust, privily and apart from her husband, and all the requirements of the statutes relating to conveyances by married women were met and complied with.

The deed of trust described the land as follows: "Situated in the city of Hillsboro, in the county of Hill, State of Texas, and more particularly described as lot No. 19, in block 1, in said town or city of Hillsboro, said lot being 50x120 feet, and fronting on North Covington Street, and being the same lot conveyed by P. H. Pritchett and wife, M. E. Pritchett, to Mrs. N. N. Hunton, by deed dated November 17, 1894, and recorded in the county clerk's office of Hill County, Texas, in book 43, page 483." The deed from P. H. Pritchett and wife to her, referred to in the deed of trust, described the property as follows: "All that certain lots or parcels of land, located and being situated in the city of Hillsboro, in Hill County, Texas, and more particularly described as follows, to wit: * * * one woodshop and blacksmith's shop and lot upon which same is located, on North Covington Street, in the city of Hillsboro, being in block 1 and lot 19, being 50x120 feet, together with all the tools and implements in connection with the blacksmith shop." It will be seen that she intended to convey the very property in block 1 which Pritchett and wife had conveyed to her. The woodshop and blacksmith's shop were not on lot 19, but were located on lots 13 and 14 at the time of the sale, Pritchett occupying and using them, and lot 19 was entirely vacant. This sale was made in November, 1894, and possession of the woodshop and blacksmith's shop, located on lots 13 and 14, was turned over to Mrs. Hunton by Pritchett at that time. Lot 19 remained vacant until 1896, when two dwellings were erected upon it. In January, 1898, after the execution of the deed of trust December 28, 1894, and the recording thereof on the same day, P. H. Pritchett and wife executed to Mrs. Hunton a deed to lots 13 and 14, reciting that these lots were intended to be described and conveyed by the original deed, and that by mistake they were described as lot 19. This is simply a deed of correction, and had no other consideration. The recitals are as follows: "This deed is made for the purpose of correctly describing

the property intended to be conveyed by warranty deed executed by makers thereof to the grantee herein, dated November 17, 1894, recorded in deed records, volume 43, page 483, to which deed and the record thereof, reference is here made, and same is made a part hereof. The property in said deed was erroneously described as lot No. nineteen (19), block No. one (1) of the original Steiner donation to Hillsboro, Texas, when it was our intention to convey lots Nos. thirteen (13) and fourteen (14) in block No. one (1) of said original Steiner donation, we having no interest in said lot No. nineteen (19), and this deed is made to correct said error."

It does not appear that Mrs. Hunton owned any other part of block 1 than lots 13 and 14, or that Pritchett and wife ever made any other conveyances to her than those above indicated. We must assume that the officer explained the instrument to her, as required by statute, and she is chargeable with knowledge of its contents. These facts certainly tend to show that she intended to incumber her property which Pritchett and wife had conveyed to her; she testified herself that she did not know the block and lot number of her property. Indeed, we see no escape from the conclusion which they tend to establish, except upon allegation and proof of fraud and collusion practiced upon her by her husband and appellants, and no such allegation and proof was made.

2. The next inquiry to be made is, whether a court of equity will correct the description of property made in a deed of trust executed by husband and wife upon separate property of the wife, when the property is misdescribed by mutual mistake of the parties to the instrument, and the conveyance complies with all the statutory requirements. The separate property of the wife can only be conveyed by the husband and wife joining in the deed, and the deed must be acknowledged by the wife privily and apart from her husband, before an authorized officer. Rev. Stats., art. 635. The instrument must be shown to her and then and there fully explained by the officer taking the acknowledgment, on an examination privily and apart from her husband, and the officer is prohibited from certifying to it unless she acknowledges to him that the same is her act and deed, that she has willingly signed the same, and that she wishes not to retract it. Rev. Stats., art. 4618. When these conditions have been complied with, the contract of a married woman in relation to her separate property as effectually binds her property as would the contract of a feme sole. When she executes a conveyance of her separate estate under these formalities, her individual freedom has been guarded and protected from coercion by her husband, and the object of the law is accomplished.

To correct a mistake in description of the property intended by all parties to be embraced in such a conveyance would not create a new contract for the wife, nor add any additional obligations to those voluntarily assumed by her. It would merely make the written evidence of the contract speak the true intention of the parties, where mistake of all parties had caused it to speak that which was not in fact the contract.

It would not coerce the volition of the wife, nor in any degree impair the effect of our statutes designed to protect her separate estate. It is not the case of a defectively executed conveyance of a married woman sought to be enforced through the courts, but it is merely giving effect to a legally executed conveyance, in accordance with the intention of all parties, by correcting a description of the property intended to be covered, which by mistake was misdescribed in the instrument.

The exercise of such power and jurisdiction in no way impairs the rights of married women, violates no principle of law or equity, but tends to promote the ends of justice and discourage and prevent fraud. We are aware that there are some authorities which hold that a mistake in description in a conveyance of a married woman of her separate estate can not be corrected and the conveyance enforced through the courts, but we do not believe these authorities to be based upon correct principles or sound reasoning. In our judgment the cases which uphold the right to correct such mistakes are more in accord with recognized principles of equity, and we prefer to follow them. Among these, the most satisfactory discussion is to be found in Gradner v. Moore, 75 Alabama, 394, 51 American Reporter, 454. See also Hamer v. Medsker, 60 Ind., 413; Carper v. Munger, 62 Ind., 481; Styers v. Robbins, 76 Ind., 547; Savings Society v. Meeks, 66 Cal., 391; Stevens v. Holman (Cal.), 44 Pac. Rep., 670; Christensen v. Hollingsworth (Idaho), 53 Pac. Rep., 211; Editorial note to Williams v. Hamilton, 65 Am. St. Rep., pp. 511-514; 1 Jones on Mort., sec. 99.

3. It is not insisted that the evidence bearing upon the defense of D. Lee, of innocent purchaser for value without notice, was such as to justify the court in giving the peremptory instruction.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*