MRS. SUSIE LEE McGAVOCK et al. v. JOHN McGAVOCK et al.

Middle Section. December 21, 1928.

Petition for Certiorari denied by Supreme Court, January 11, 1929.

M. P. O'Connor, Guardian Ad Litem, of Nashville, for appellants.
A. W. Akers, of Nashville, and J. F. Eggleston, of Franklin, for appellees.

DeWITT, J.. The determinative question presented is whether or not the chancery court has power to ratify and confirm a sale of land and reinvestment of the proceeds, made by a life tenant and purporting to pass an estate in fee simple, when the life tenant did not have power by her deed to pass such an estate.

On a careful examination of the record and due consideration of the pertinent authorities this court is of the opinion that the chancery court had plenary power, both inherent and statutory, to render the decree which has been rendered in this cause.

In 1911 Mrs. Susie Lee McGavock, widow of Winder McGavock, by joining with the executors of her husband in a deed purporting to convey 173 acres of land (which was known as the McGavock home place), undertook to pass an estate in fee simple to a tract of seventy acres, to W. D. Shelton and his wife, Rebecca Shelton. Mrs. McGavock had acquired a life estate in this tract of seventy acres by deed from her husband of May 28, 1906. This deed vested title under the following provisions:

"To have and to hold the whole seventy acres to the said Susie Lee McGavock under the trusts, and limitations of the will of her mother, Mrs. Sallie M. Ewing above referred to, that is to say; to the said Susie Lee McGavock for and during the term of her natural life, and at her death to pass and go to her children, and child or children of any deceased child of hers taking the share its or their parent would have taken if living.

"But in the event said Susie Lee McGavock should die leaving no children nor descendants surviving her, then said lands shall go to the estate of the testatrix, Mrs. Sallie H. Ewing, and be equally divided between her remaining children or their heirs should they not survive said Susie Lee McGavock. The title to twelve of said seventy acres having been already vested in Susie Lee McGavock by deed of Winder McGavock above referred to for the consideration above stated. The said Susie Lee McGavock hereby agrees to stand seized of said twelve acres for the uses, trusts and limitations last above stated, it being the purpose and intention of the parties hereto to reinvest the $5000 paid by A. H. Ewing in the whole of the seventy acres above described."

"In accordance with the will of Mrs. Sallie M. Ewing carrying out its purposes, the said Susie Lee McGavock is authorized and empowered at any time she may desire it, to sell the above-described land and make a deed thereto, her husband joining in such deed, but she will reinvest the proceeds of such sale in other real estate, to be held by her on the same terms and subject to the same limitations as are provided by said will."

It appears from the concurrent finding of the Chancellor and Master, based on material testimony, that the price which Mrs. McGavock received for the attempted conveyance of the fee to this tract of seventy acres was between $5500 and $6000; that it was a reasonable and fair price and that it was to the best interest of all parties concerned that said property be sold for said price. Mrs. McGavock invested this money in certain residence property in the town of Franklin worth from $9000 to $10,000, and it appears abundantly that said investment was to the manifest interest and advantage of herself, her children and all other persons who might have any interest in the tract of seventy acres which she had undertaken to sell or the proceeds thereof. She took title in herself alone but in her bill in this cause she prayed that the decree provide that she hold title for her life with remainder to those persons actually or contingently taking any interest as provided in the deed under which she held title to the seventy acres, and the Chancellor so decreed.

There is abundant testimony to support the concurrent findings of the Chancellor and Master that it was highly necessary that this tract of seventy acres of unimproved lands be sold and the proceeds reinvested so as to be productive of income for the use and benefit of the life tenant and her children. It is not insisted that the power in Mrs. McGavock to convey the interests of the remaindermen existed after the death of her husband, as this power depended upon the concurrence of her husband in any deed or conveyance; and he having died she no longer had the power to convey said interests in the land.

The background is presented in the source of title of Mrs. McGavock. Her mother, Mrs. Sallie M. Ewing had devised to her for her life in severalty a portion of her land, with remainder, and with power to sell, her husband joining in the deed precisely as was provided in the said deed of Winder McGavock to Mrs. Susie Lee McGavock. Winder McGavock had inherited the McGavock farm of 173 acres subject to an incumbrance. He and his wife sold for $5000 the land devised to her by her mother, Mrs. Ewing and applied said proceeds on the mortgage on the McGavock place. In order that the remainder in the land acquired from her mother

might be preserved, Winder McGavock conveyed to his wife, Mrs. Susie Lee McGavock the aforesaid tract of seventy acres of the 173-acre tract, the McGavock farm. Thus there was a complete and valid exercise of the power of sale and reinvestment of the proceeds in accordance with the provisions of the will of the said Mrs. Sallie M. Ewing.

The sale of the McGavock farm to W. D. Shelton and wife was made for the sum of $23,000, which the record shows was a full and fair price. Certain interests have been subsequently conveyed by Shelton and wife to complainants, Mrs. J. M. Liggett, J. M. Liggett. Jr., Exam Elliott and J. E. Napier. These parties have contracted to sell this tract of 173 acres to defendant J. D. Partlow, but objection has been made to the validity of their title to the tract of seventy acres which Mrs. McGavock undertook to convey in fee when she joined with the executor of her husband in the deed to Shelton and his wife. The bill in this cause was filed by these present claimants of the land and Mrs. Susie Lee McGavock against all the living descendants of Mrs. McGavock and the living contingent remaindermen, as well as the proposed purchaser, for the purpose of obtaining a complete ratification and confirmation of the sale of the seventy acres in 1911 and the reinvestment of the proceeds in the property in Franklin, which is fully described in the bill and the decree of the Chancellor.

It appears abundantly, as aforesaid that said sale and reinvestment were to the manifest interest and advantage of all the parties having an interest in said property; and that had the same been submitted to the chancery court in a proper proceeding prior to the attempted consummation thereof, the court would have been abundantly warranted in consenting to said sale and reinvestment in behalf of the parties under disability and the contingent remaindermen. The record in this cause is in proper form and all of said parties are parties to this cause. The only question presented is whether or not the court now has power to render such a decree as it would have had power to render and would have been warranted in rendering under the facts at the former time.

It should be stated that all of the remaindermen who were sui juris have executed and delivered deeds conveying their interests in the tract of seventy acres to the vendees of Mrs. McGavock and executors of her husband thereby ratifying the deed of Mrs. McGavock as far as they were concerned.

In view of the inherent as well as the statutory jurisdiction of the chancery court (as provided in sections 5089 et seq., of Shannon's Code) and of the decisions of our Supreme Court, we are of the opinion that the chancery court had the power in this cause to

ratify and confirm in behalf of parties in interest who were not sui juris and in behalf of contingent remaindermen to render the decree which has been rendered in this cause. In Lenow v. Arrington, 111 Tenn., on page 729 the court said:

"In the case of Hurt v. Long, 90 Tenn., 460, 16 S. W., 968, it was said, referring to the case of Porter v. Porter, that it was intimated in the case, and was doubtless true, that the chancery court might, in a proper case, by virtue of its inherent power and jurisdiction, decree a sale contrary to the provisions of the statute referred to. But the statute does not appear to have been involved in that case, and the question actually passed upon was the inherent power and jurisdiction of the court to sell lands of persons under disability independent of any of the statutes conferring such jurisdiction· It was held that the statute added nothing to the jurisdiction of the court which it possessed and exercised prior to the statute, and that jurisdiction extended to all cases where it was to the interest of the minors that such sales should be made, and to the ratification of such sales already made, when the facts warranted such sales; and this is the general rule, as held by this court. Thompson v. Mcbane, 4 Heisk., 370, 377; Hobbs v. Harlan, 10 Lea, 268, 43 Am. Rep., 309; Talbot v. Provine, 7 Baxt., 509, 510; Cicalla v. Miller, 105 Tenn., 262, 58 S. W., 210; Taylor v. Keeton, 10 Humph., 539; Williams v. Williams, 3 Baxt., 59; Browns' Case, 8 Humph., 207; Gray v. Bernard, 3 Baxt., 63; Ridley v. Halliday, 106 Tenn., 607, 613, 61 S. W., 1025; Vicarro v. Cicalla, 89 Tenn., 74, 14 S. W., 43."

On page 730 of said volume the court also said:

"It is now also settled in Tennessee that where a trustee failed to make application in the first instance, but subsequently goes into a court of chancery and asks an approval of his acts, and a sale of property to pay for such expenditures, it will grant the relief sought where it would have done so in the first instance, if he gives good reasons for not making the application before the expenditures were made. Roseborough v. Roseborough, 3 Baxt., 314; Hobbs v. Harlan, 10 Lea, 268, 43 Am. Reps., 309; Cohen v. Shyer, 1 Tenn., Chy., 194."

In the case at bar the reason for the delay lies in the manifestly honest belief of Mrs. McGavock that she had the power to make the sale of the seventy acres.

The case of Weakley v. Barrow, 137 Tenn., 224, 192 S. W., 927, is not in conflict with this conclusion. There it was held that the interest or estate (even by way of a contingent remainder) of one person may not be subject to a sale, and the proceeds used for the

support or maintenance of another, unless the terms of the trust disclosed a very clear purpose that this may be done.

This is not an application for sale, or ratification of a sale, for encroachment upon the interest of the remaindermen, but a sale for reinvestment only; which the uncontroverted proof shows was not only for a preservation of the entire estate, but the effect of which is actually to double the value of the remaindermen's interest, and in the meantime to furnish additional income to the life tenant for the support and maintenance of her and her dependent children who are some of the contingent remaindermen.

This case presents in the muniments of title no restriction or inhibition precluding the exercise by the court of its equitable power to ratify and confirm the sale for the purpose of preservation and reinvestment.

In Weakley v. Barrow, supra, the court said:

"The full power of the court may vary the settler's scheme under the conditions appearing which show an emergency in the lack of maintenance which the trust creator did not foresee, is to sell for him all the trust estate or to sell for reinvestment in property which will produce a better income (as in Lenow v. Arrington, 111 Tenn., 736, 69 S. W., 314); that property in its new form to be devoted to the same use and go in the same direction and upon the same contingencies as that which is now a part of the trust estate."

It results therefore that there is no error in the decree of the Chancellor in this cause and it is in all particulars affirmed. The costs of the appeal will be adjudged against the complainants.

Faw, P. J., and Crownover, J., concur.