## JAMES A. OPENSHAW v. COLLIN RICKMEYER ET AL.

### Decided March 16, 1907.

**1.—Petition—Specific Allegations—Illiteracy—Demurrer.**

Where, in a suit to annul a deed, which was alleged to have been obtained by fraud, and to have been intended by the parties as a mortgage to secure certain items of indebtedness due by the grantor to the grantee and which had been paid, it appeared from the petition that the plaintiffs were illiterate and unable to give the dates and amounts of the various payments made by them, and it was asked in the petition that the defendants be required to render a full account of the payments received, a special exception to the petition on the ground that it was not more specific in its allegations as to the dates and amounts of payments was properly overruled.

**2.—Deed as Mortgage—Limitation.**

Where a deed absolute in form was in fact a mortgage limitation against a suit to cancel the same will not begin to run until the mortgage debt is paid, or until the grantee refused to allow the grantor to redeem the property.

**3.—Deed—Misdescription—Correction.**

A court of equity will correct a mistake in the description of property in a deed and make the instrument conform to the intention of the parties, and this even where the deed is executed by a married woman.

**4.—Homestead—Mortgage.**

In a suit to cancel a mortgage upon the homestead the defendant may have personal judgment for such indebtedness as may be due by the plaintiff not barred by limitation, but no lien should be fixed upon the homestead except for such indebtedness as the homestead may be lawfully subjected to.

**5.—Taxes—Redemption by Third Party.**

Where a third party redeems a homestead from tax sale, at the request of the owner, and takes the deed in his own name, he holds it in trust for the owner.

Error from the District Court of Harris County. Tried below before Hon. W. P. Hamblen.

*Rowe & Rowe,* for plaintiff in error.—When a suit is instituted more than four years after the execution of a conveyance, which has for its purpose the cancellation or construing of a conveyance, the petition not only must show want of knowledge, but must show that they acted promptly after learning the fact, and could not have learned the fact by ordinary diligence sooner. Vodrie v. Tynan, 57 S. W. Rep., 680; Cooper v. Bee, 75 Texas, 114; Groesbeck v. Crow, 91 Texas, 74.

The court should have permitted the evidence offered by the defendant Openshaw to go to the jury, under appropriate instructions, wherein he offered to show what was the real grant intended by Rickmeyer and wife, in the mechanic's lien; that is, it was permissible for him to show that lot 3, in block 293, was the land conveyed by the lien, instead of block 12, as upon the face of the instrument there was no patent ambiguity, and the defect being latent evidence extraneous from the record should have been permitted to show the real grant and intent of the parties. Kingston v. Pickins, 46 Texas, 99; Giddings v. Day, 84 Texas, 605; Houston v. Myers, 88 Texas, 129; Camley v. Stanford, 10 Texas, 550; Ragsdale v. Robinson, 48 Texas, 379; Deery v. Cray, 10 Wall., 269;

19 Law Ed., 887; Cox v. Hart, 145 U. S., 376; Green v. Barnes, 9 Texas Civ. App., 666; 58 Pac. Rep., 254.

Defendant Openshaw having taken up, at the special request of plaintiffs Rickmeyer and wife, the Sassar mechanic's lien before same was barred, and having merged this consideration in the deed of 1895, also before same was barred, is entitled to be subrogated to said lien, even should said deed be held a mortgage. Dillon v. Kaufman, 58 Texas, 705; Warhmund v. Merritt, 60 Texas, 27; Dixon v. National Loan Co., 40 S. W. Rep., 544; Park v. Kribs, 24 Texas Civ. App., 659; Sheldon on Subrogation, sec. 245.

Subrogation of lien on homestead: Hicks v. Morris, 57 Texas, 665; Texas Loan Co. v. Blalock, 76 Texas, 89; Coleman v. Ludnecker, 9 Texas Civ. App., 183; Murphy v. Smith, 50 S. W. Rep., 1040.

A debt barred by the statute of limitation can nevertheless become a valid consideration for a deed, as parties are not forced to plead the statutes of limitations. Shearon v. Henderson, 38 Texas, 252; approved in Burnham v. McMichael, 6 Texas Civ. App., 499; note, Am. St. Rep., 740.

If Openshaw, acting in good faith, intended that the conveyance to him, should be a bona fide purchase of said property, then he had a right to resell it to Rickmeyer and wife, provided the transactions were not a mere subterfuge, to evade the law; and the mere conveying back or agreeing to convey, will not render void the purchase or sale even though the property be a homestead. Astugeville v. Lonstannan, 61 Texas, 238; O'Shaughnessy v. Moore, 76 Texas, 610.

*Lewis Fogle,* for defendants in error.—The execution of an instrument as a substitute for one previously executed defers the running of the statute of limitation to the date of the later instrument. American, etc., Co. v. Pace, 56 S. W. Rep., 377.

Where a mechanic's lien on the homestead (even where valid) is barred by limitations, thus discharging the lien, an instrument intended to revive the lien is void. Starnes v. Beitel, 50 S. W. Rep., 202.

Conveyance of homestead by deed absolute on its face, with the contemporaneous agreement to reconvey upon payment of the original debt, is a mortgage, and when placed on a homestead, is void. Williams v. Chambers, Roy & Co., 26 S. W. Rep., 270; Kainer v. Blank, 24 S. W. Rep., 851; O'Shaughnessy v. Moore, 73 Texas, 108.

There can be no subrogation to lien for taxes on homestead. McCormick v. Edwards, 69 Texas, 106; Furche v. Mayer, 29 S. W. Rep., 1099.

Defendants in error having paid to plaintiff in error more than the amount of the taxes paid by him for them, any lien would be thereby destroyed. Paschall v. Pioneer, etc., Co., 47 S. W. Rep., 98; Wingate v. People B. & L. Assn., 39 S. W. Rep., 999.

PLEASANTS, ASSOCIATE JUSTICE.—Rickmeyer and wife, plaintiffs below, brought this suit against Openshaw to have two deeds executed by them to Openshaw, and also a deed from the city of Houston to said Openshaw, conveying to him lots numbers (2) two and (3) three, in block (293) two hundred and ninety-three, in the W. R. Baker addition to the

city of Houston, adjudged to be mortgages and to be void because the property thereby conveyed was the homestead of plaintiffs at the time said instruments were executed.

The petition alleges in substances that the plaintiffs are and were on the 30th day of January, 1900, the owners in fee of the property before described, having title thereto by conveyance from and under the sovereignty of the soil and also by limitation of ten years, and are and were on said date in the possession of said property using and occupying same as their homestead; that plaintiffs are illiterate and ignorant and unable to read and write and therefore are incapacitated to attend to business transactions; that on said date before mentioned the defendant, knowing said incapacity of plaintiffs and fraudulently taking advantage of same, induced them to execute to him an instrument in writing which he represented to them to be a mortgage to secure a sum of money which he falsely and fraudulently claimed was due him by plaintiffs; that plaintiffs have since learned that said instrument was in form an absolute deed conveying to defendant the property before described for a recited consideration of $375; that said recital is wholly false, and said instrument was without consideration, and plaintiffs were not at said time indebted to defendant in any amount, having theretofore fully discharged all indebtedness which had at any time been incurred by them to defendant, and that plaintiffs were induced to execute said instrument by said false and fraudulent representations of the defendant that they were still indebted to him; that after the execution of said instrument and on the same day and as a part of the same transaction the defendant executed and delivered to plaintiffs a deed to said property retaining a vendor's lien therein to secure the payment of $450, the recited purchase price of said property, but which was in fact the amount of indebtedness then falsely claimed to be due defendant by plaintiffs, and said two deeds so executed as aforesaid were intended by all the parties to be and operate as a mortgage to secure the payment of said fictitious indebtedness which defendant falsely and fraudulently claimed was due him by plaintiffs, and that the whole transaction was a fraudulent scheme on the part of defendant to evade the law and secure a mortgage upon plaintiffs' homestead. That thereafter on March 18, 1902, the plaintiffs being indebted to the city of Houston for taxes due on lot (3) three before described requested defendant to advance the money to pay said indebtedness for them, which defendant agreed to do, and promised to procure from said city (by whom said property had been previously purchased at a sale for delinquent taxes) a deed reconveying same to plaintiffs, but that in violation of said agreement defendant procured a deed from the city conveying the property to him; that notwithstanding the deed from the city conveyed the property to defendant he, by reason of the facts before stated, took the title thereto in trust for plaintiffs, and that plaintiffs have repaid to defendant the full amount paid by him to the city for said property.

It is further alleged that again on April 2, 1902, plaintiffs executed and delivered to defendant an instrument which he fraudulently represented to them was a mortgage, but which they have since learned was a quit claim deed to the two lots before described; that at the time of the execution of said instrument and as a part of the same transaction plaintiffs

and defendant entered into a written contract which purports to be a contract of sale and lease of said property, but that said instruments were together intended by the parties thereto to operate as a mortgage and were executed for the purpose of securing defendant in a loan of $25 made by him to plaintiffs; that said mortgage is inoperative and void because the property upon which it was intended to operate was the homestead of plaintiffs.

The prayer of the petition is that the said instruments before mentioned be adjudged void and that the cloud cast upon plaintiffs' title by their execution be removed and plaintiffs be quieted in the title and possession of their said property.

The defendant's answer admits the execution and delivery of the several instruments mentioned in the petition and avers, in substance, that the transactions described in the petition were bona fide and that the several conveyances to him by plaintiffs were in truth and in fact what they purported to be, bona fide and absolute conveyances to him by plaintiffs of the title of said property for the considerations therein stated. It is further averred that in 1891, plaintiffs being then the owners of lot 3 described in their petition, executed and delivered to B. B. Sassar an instrument in writing creating a mechanic's lien upon said lot to secure the said Sassar in the payment of an indebtedness of $233.65 evidenced by a note executed by plaintiff, said sum being due for labor and material furnished by Sassar in making improvements upon said property; that thereafter in June, 1895, said note being due and unpaid and plaintiffs being unable to pay same proposed to sell said property to defendant if he would pay said note and other indebtedness due by them amounting to $250; that defendant accepted said proposition and paid said Sassar's note and also said indebtedness of $250, and plaintiffs thereupon conveyed said property to him by deed of date June 29, 1895, and thereafter occupied said property as tenants of defendant paying him rent therefor at the rate of $5.00 per month until January 30, 1900. It is further averred that in the instrument creating the mechanic's lien and also in the deed of June 29, 1895, just mentioned, the lot is erroneously described as lot 3 in block 12 in Baker's addition to the city of Houston, while the lot intended to be described was lot 3 in block 293 of said addition; that there was no block 12 in said addition and that the only property owned by plaintiffs in the city of Houston was lot 3 in block 293 in said addition and that said lot 3 in block 293 was the property upon which the improvements were placed under the contract by which said mechanic's lien was created; that said mistake in said instruments in designating the number of the block in which said lot was situated was not discovered by the parties until January, 1900, and that the deed from plaintiffs to defendant of date January 30, 1900, was executed for the purpose of correcting said mistake.

Defendant prayed for the recovery of the land, and in the alternative for judgment for the amounts due him by plaintiffs with foreclosure of lien upon said property.

The trial court after hearing the evidence instructed the jury to find a verdict in favor of plaintiffs, and upon the return of such verdict judgment was rendered in accordance therewith.

It would serve no useful purpose to discuss the various assignments

of error in detail, as many of them present the same question in different forms.

The trial court did not err in overruling the general demurrer to the petition. The facts alleged, if true, were sufficient to entitle plaintiffs to the relief prayed for.

The special exception to the petition on the grounds that it is argumentative and that it does not specifically point out the acts of defendant upon which fraud is predicated, that it does not state the several amounts claimed to have been paid defendant by plaintiffs nor the dates of such payments, nor the date when plaintiffs first discovered that the instruments executed by them were in form absolute deeds, were also properly overruled. It is alleged in the petition that the plaintiffs are illiterate and ignorant and they are unable to give the dates and amounts of the various payments made by them to defendant and they ask that he be required to render a full account to them of all money paid by them to him.

The suit is not one to set aside a deed for fraud in which the statute of limitation would begin to run from the date of the discovery of such fraud or from the date at which it should have been discovered. No limitation would run against the plaintiffs' right to have the alleged mortgages cancelled and released until the mortgage debt was discharged, or until the defendant refused to allow them to redeem the property. It was therefore immaterial when they learned that the instruments were absolute deeds.

The trial court erred in refusing to permit the defendant to show by parol that the property intended to be described and which was in fact the subject matter of the contract creating the mechanic's lien and of the deed to defendant of June 29, 1895, was lot 3 in block 293 in Baker's addition to the city of Houston. The general rule that a Court of Equity will correct a mistake in the description of property in a deed and make the instrument conform to the intention of the parties and evidence the real contract made by them, is too well settled to require citation of authority. While there is some conflict in the authorities on the question of whether this rule should be applied to deeds executed by a married woman the weight of authority supports an affirmative answer to the question, and it has been so held in this State. (Avery v. Hunton, 23 Texas Civ. App., 353.)

The evidence upon the issue of whether the deeds from plaintiffs to defendant were intended as mortgages or were, as they purported to be, absolute conveyances of the title, was conflicting, and the trial court should not have withdrawn the issue from the jury. In view of another trial it would be improper for us to discuss the evidence upon this issue, and it is therefore unnecessary to set it out.

If upon another trial the jury should find that the deeds executed by plaintiffs were intended as mortgages the defendant would be entitled to recover on his alternative prayer such indebtedness, if any, as is due him by plaintiffs which is not shown to be barred by limitation, but the property being the homestead of plaintiffs he could only enforce a lien thereon for such portion of his indebtedness as is shown to be secured by the mechanic's lien claimed to have been executed by plaintiffs upon said property.

If it be shown that the city of Houston had acquired title to the property under a foreclosure and sale for taxes, and defendant at the request of plaintiffs paid said amount due by plaintiffs to the city and took a deed to the property from the city, he holds the property in trust for plaintiffs, and they are entitled to have the title decreed in them upon payment to defendant of the amount paid by him to the city.

In what has been said we have disposed of all the material questions raised by the assignments.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*