DURHAM et al. v. LUCE et ux.

(Court of Civil Appeals of Texas. Galveston. Oct. 24, 1911.)

1. HOMESTEAD (§ 118*)—CONVEYANCE—JOINDER OF WIFE.

Title to a homestead could only be conveyed by a deed, duly executed and acknowledged by the grantor's wife.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 203–209, 216, 217; Dec. Dig. § 118.*]

2. REFORMATION OF INSTRUMENTS (§ 13*)—MUTUAL MISTAKE.

Equity will correct a description in a deed, made by mutual mistake of the parties, by which land actually sold is not conveyed.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 42–60; Dec. Dig. § 13.*]

3. REFORMATION OF INSTRUMENTS (§ 13*)—INSTRUMENTS REFORMED—DEEDS BY MARRIED WOMAN.

Equity will correct a mutual mistake in the description of a deed by a married woman, conveying the homestead or her separate prop-

erty, if the deed is otherwise executed as required by law.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 42–60; Dec. Dig. § 13.*]

**4. REFORMATION OF INSTRUMENTS (§ 19*)—MISTAKE—MUTUAL MISTAKE.**

A mistake in the description of a deed will only be corrected in equity, where it is mutual to all the parties.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

**5. LIMITATION OF ACTIONS (§ 96*)—MISTAKE.**

Under the statute, a suit to correct a mistake in a deed must be brought within four years after the mistake was discovered, or should have been discovered by exercise of reasonable care.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 475, 476; Dec. Dig. § 96.*]

**6. APPEAL AND ERROR (§ 934*) — PRESUMPTIONS — PRESUMPTIONS TO SUPPORT JUDGMENT—FINDINGS.**

In the absence of findings of fact or conclusions of law in the record, the appellate court must presume, to sustain the judgment, that a finding necessary to sustain it was made, if the evidence would sustain such a finding.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 934.*]

**7. REFORMATION OF INSTRUMENTS (§ 45*)—ACTIONS—SUFFICIENCY OF EVIDENCE.**

Evidence in trespass to try title, in which defendant sought to reform a deed executed by plaintiff and wife for mistake in describing the land, held to sustain a finding that plaintiff's wife knew when she executed the deed that it did not convey an omitted tract.

[Ed. Note.—For other cases, see Reformation of Instruments, Dec. Dig. § 45.*]

**8. REFORMATION OF INSTRUMENTS (§ 43*)—ACTION—BURDEN OF PROOF.**

The burden was upon defendants in trespass to try title, seeking to reform a deed from plaintiff to their grantor for mistake in the description, to show that the mistake was mutual to both the grantors and grantees.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. § 154; Dec. Dig. § 43.*]

**9. EVIDENCE (§ 317*)—HEARSAY.**

Evidence that witness' wife told him that she never signed a deed, and as to what witness told his wife as to what he understood was included in the deed, was hearsay.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 317.*]

**10. EVIDENCE (§ 593*) — SUFFICIENCY — EVIDENCE IMPROPERLY ADMITTED.**

In trespass to try title, in which defendant sought to reform a deed executed by plaintiff and wife for mistake in describing the land, undisputed evidence by plaintiff that his wife told him she never signed any deed to a certain tract claimed by defendant to have been conveyed, having been admitted without objection that it was hearsay, was sufficient to sustain a finding that plaintiff's wife knew when she executed the deed that it did not convey such tract.

[Ed. Note.—For other cases, see Evidence, Dec. Dig. § 593.*]

**11. LIMITATION OF ACTIONS (§ 197*)—SUFFICIENCY OF EVIDENCE.**

Evidence in trespass to try title, in which defendant claimed a mistake in the description of the deed from plaintiffs to defendant's grantor, held to sustain a finding that defendant, by the exercise of ordinary care, should have discovered the mistake more than four years before the filing of the cross-bill.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 197.*]

**12. LIMITATION OF ACTIONS (§ 96*)—MISTAKE IN DEED—NOTICE.**

A statement to a grantee by a surveyor, surveying the land to determine the amount of timber thereon, that it did not contain as many acres as the grantee thought it did, was sufficient to put him upon inquiry as to the amount of land in his farm, which inquiry, if followed up with reasonable diligence, would have led him to discover the mistake in the description of his deed, and, not having done so, he cannot have the deed reformed, so as to correct the mistake.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 475, 476; Dec. Dig. § 96.*]

**13. LIMITATION OF ACTIONS (§ 96*)—LIMITATIONS.**

The statute of limitations would begin to run against an action to correct a mistake in the description in a deed from the time the grantee could have discovered such mistake by the exercise of reasonable diligence.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 475, 476; Dec. Dig. § 96.*]

**14. LIMITATION OF ACTIONS (§ 44*)—LIMITATIONS.**

The running of limitations against a grantee's right of action to correct a mistake in a deed was not interrupted by his sale of the land.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 44.*]

**15. HOMESTEAD (§ 122*)—CONVEYANCE.**

The homestead rights of a wife can only pass by estoppel, if it is predicated upon affirmative fraud upon her part.

[Ed. Note.—For other cases, see Homestead, Dec. Dig. § 122.*]

**16. TRESPASS TO TRY TITLE (§ 59*)—RECOVERY OF IMPROVEMENT—EVIDENCE.**

To entitle a bona fide purchaser to recover, in trespass to try title against him, the value of improvements placed on the land, under the belief that he had good title, the evidence must show the value of such improvements.

[Ed. Note.—For other cases, see Trespass to Try Title, Dec. Dig. § 59.*]

Appeal from District Court, Trinity County; W. S. Dean, Judge.

Action by T. L. Luce and wife against D. S. Durham and others, in which defendants filed a cross-bill. From a judgment for plaintiffs, defendants appeal. Affirmed.

Kenely & Minton, for appellants. Crow & Phillips, for appellees.

PLEASANTS, C. J. This is an action of trespass to try title, brought by appellees against the appellants, D. S. Durham, the Eastern Texas Railroad Company, and the Texas Southeastern Railroad Company, to recover a tract of 27½ acres of land, a part of the Juan Jose de los Reyes league, in Trinity county.

The defendants answered by filing general exceptions to plaintiffs' petition, general denials, and pleas of not guilty, and, in addition, among other things, the defendant D.

S. Durham pleaded that the tract of land involved in this suit, together with an adjoining tract of 80½ acres, was sold and conveyed by these plaintiffs to his brother, W. R. Luce, on December 3, 1900; that by mutual mistake on the part of plaintiffs and the other grantors in said deed, and his brother, W. R. Luce, and of the officer preparing said deed, the field notes inserted in said deed, although intended to cover the 27½ acres of land involved in this suit, do not include the same, but only the metes and bounds of the 80½-acre tract adjoining this tract, although said deed from plaintiffs to W. R. Luce expressly avers that the tract of land therein conveyed contains 108 acres; that it was definitely understood and agreed between the grantors and grantee in said deed that the definite quantity of 108 acres of land was conveyed by said deed, and it was further understood and definitely agreed that the 27½-acre tract involved in this suit comprised a part of said 108 acres of land so conveyed; that the plaintiffs herein and the other grantors in said deed, and the grantee therein, W. R. Luce, were then and are yet ignorant and unlearned people, without sufficient learning and knowledge to discover said mistake at said time, and that said mistake was not discovered by any of said parties, or by this defendant, until August 1, 1909; that at the time of the sale of said land by plaintiffs to W. R. Luce the said W. R. Luce paid them a valuable consideration therefor, to wit, $600, which was the reasonable market value of the whole of said land, including the 27½ acres; that immediately after said sale, as aforesaid, the plaintiffs placed the said W. R. Luce in possession of said 27½ acres of land, the dwelling house and other improvements being situated thereon; that immediately thereafter plaintiffs moved from the county, and have never since claimed said land, or challenged W. R. Luce or his vendee's ownership or possession thereof, until shortly before the filing of this suit; that the said W. R. Luce, acting upon the representations of the plaintiffs herein that the land he was purchasing from them and their covendors, contained 108 acres and included the 27½ acres involved in this suit, the said W. R. Luce purchased said land; otherwise, if he had known it did not contain said 27½-acre tract, he would not have purchased same; that immediately after the said W. R. Luce purchased said land he was placed in actual possession thereof by the plaintiffs herein, and made permanent and valuable improvements thereon; that by deed, dated August 27, 1901, the said W. R. Luce and wife, Minnie O. Luce, sold and conveyed to this defendant the 108-acre tract of land intended to be conveyed to him by said T. L. Luce and others, as aforesaid, which included the tract of land involved in this suit; that by mutual mistake of all parties to said deed the field notes inserted in said deed do not cover and describe the 27½-acre tract involved in this suit, although it was the intention of the parties that same should do so, the officer or party preparing said deed to this defendant having been led into error in the preparation of said deed by the description inserted in the former deed from plaintiffs and others to W. R. Luce, which he used and referred to as an aid and guide for the preparation of this said deed; that neither of said parties discovered or noticed said mistake at the time of the execution and delivery of said deed, nor did the officer preparing said deed notice the mistake in the same; that the grantors in said deed and the grantee therein (this defendant) were at that time, and at all times since, ignorant and unlearned people, neither of whom were capable of or possessed of sufficient knowledge to calculate the quantity of land embraced in field notes contained in said deed, or to calculate or figure a set of field notes covering a tract of 108 acres of land, and that the 27½ acres involved in this suit was not included therein; that the mistake in the description of said deed was not discovered by either of said parties until on August 1, 1909, when a surveyor was running lines on different tracts of land in that county, for the purpose of locating tracts of land and timber belonging to the Southern Pine Lumber Company; that this defendant paid the said W. R. Luce and Minnie O. Luce the sum of $600 for said land, and at the time he purchased the same he believed he was getting a deed to the 27½-acre tract involved in this suit, as well as to the 80½-acre tract described in the deed above referred to, and if he had known that he was not getting deed to said 27½-acre tract he would not have purchased the other tract of 80½ acres; that the said W. R. Luce and wife, Minnie O. Luce, at the time they made said deed, believed they were selling and conveying to this defendant 108 acres of land, including the 27½ acres of land involved in this suit; that the sum of $600 paid by this defendant to W. R. Luce for said tract of land was full value for said 108 acres of land at the time he purchased the same, and was greatly in excess of the value of said 80½-acre tract alone; that immediately after this defendant purchased said land he was placed in possession of the 27½-acre tract involved in this suit, and has since continuously resided on and possessed the same; that since this defendant purchased said land he has made valuable and permanent improvements thereon, such as clearing land, building fences around said land, building feedhouse on said land, building underground cistern on said land, and building new dwelling house on said land, and other improvements, to the value of $600, all of which were made before he discovered the mistake in the description in the foregoing deeds. This defendant prays

judgment, correcting and reforming the two deeds above referred to, so as to cause the description therein to cover and include the land involved in this suit, or a judgment against plaintiffs for specific performance, and, in event the court should refuse to grant said relief, then defendant asks for judgment against the plaintiffs for the recovery of said land, and, should none of the aforesaid relief be granted, then defendant prays the court that he may have judgment for the value of his improvements placed upon the said land.

In reply to this answer, plaintiffs filed a supplemental petition, containing, among various exceptions and pleas, a plea of limitation of four years against defendant's prayer for the correction of the deeds from plaintiffs to W. R. Luce and from W. R. Luce and wife to defendant Durham.

The cause was tried in the court without a jury, and judgment was rendered in favor of plaintiffs against all of the defendants for the land in controversy.

Succinctly stated, the facts disclosed by the record are as follows:

Prior to and on the 3d day of December, 1900, plaintiffs owned and resided upon the tract of land in controversy, which, together with an adjoining tract, supposed to contain 80½ acres of land, constituted their homestead. On said date plaintiffs, for a consideration of $600, executed and delivered to W. R. Luce a deed, which was duly acknowledged by Mrs. Luce, and which conveyed to W. R. Luce the following described land: "All that certain tract and parcel of land situated in Trinity and Houston county, Texas, and being a part of the Jose de los Reyes league of land, consisting of 220 acres, in one survey off of the said survey, it being one hundred and eight acres, a part of the 226 acre survey: Beginning at the S. E. corner of the block of land deeded to Julia Morry and A. Murry, stake for corner in old field, from which a red bud, five inches in dia., bears S. 11 E., 3 vrs. distant; thence S. 80 E., 345 vrs., to corner in field, no witness trees; thence N. 10 E., 1270 vrs., to corner, stake for corner, from which a red oak, 24 in. dia., bears S. 80 vrs., pine, 5 in. dia., bears N. 15 W., 3 vrs.; thence N. 45 W., to corner, stake for corner, from which a white oak, 8 in. dia., bears N. 40 E., 4 vrs. distant; thence S. 10 W., 1620 vrs., with old division line to place of beginning, containing 108 acres."

The 27½-acre tract in controversy in this suit and the 80½-acre tract were acquired by plaintiffs from different parties, but the two tracts were held and used as one for homestead purposes. The dwelling house and most of the improvements were on the 27½-acre tract. The field notes in the deed above set out only describe and include the 80½-acre tract. When W. R. Luce made the trade with T. L. Luce, he bought and paid for the entire place, which was supposed to contain 108 acres, and thought when he accepted the deed that the field notes therein described and included both tracts. T. L. Luce sold and intended by said deed to convey the whole place to W. R. Luce, and thought the deed described and conveyed both tracts. Soon after this deed was executed, plaintiffs delivered possession of the entire place to W. R. Luce, and moved from the county, and neither of them thereafter asserted any claim to the 27½-acre tract until shortly before the filing of this suit on the 3d day of December, 1909. On August 27, 1901, W. R. Luce and wife sold the place to the defendant Durham. Their deed to Durham described the land just as it is described in the deed from plaintiffs to W. R. Luce, as above shown. In making the conveyance to the defendant Durham it was the intention of all parties to said instrument that it should describe and convey both tracts of land.

W. R. Luce and the defendant Durham each testified that he did not know until about a year before this suit was filed that the description contained in these deeds did not include both tracts of land. W. R. Luce and the defendant Durham are unlearned, and neither of them could ascertain from reading the field notes that they did not describe and include both tracts of land. W. R. Luce testified that he had no conversation with Mrs. Luce, the wife of plaintiff, in regard to the purchase of the land and the trade was made with T. L. Luce.

T. L. Luce testified that he sold his brother, W. R. Luce, both tracts of land, and intended to describe both tracts in the deed executed by himself and wife, and did not know that the field notes in the deed did not describe both tracts until so informed by his wife. His testimony in regard to whether his wife understood when she executed the deed that it conveyed both tracts of land is as follows: "My wife said that she never signed any deed to this 27½ acres. I can't just say positively when she told me that. We talked about it several times. I can't say just what time, and I didn't want it to be torn up, either when my brother had it or when Doc had it. I thought I sold it all to my brother, and thought that Doc got it; but she said she never did. I never told my wife particularly that I was including the 27½ acres in the sale. I told her I was selling out. I told her I was going to sell out my place. She agreed to move. We moved very soon after we sold the place."

In March, 1901, W. R. Luce and wife conveyed to the Eastern Texas Railroad Company a right of way over the 108 acres of land. At that time the agent of the railroad who procured the right of way deed examined the deed from plaintiffs, T. L. Luce and wife, to W. R. Luce, and informed

him that said deed only conveyed between 80 and 90 acres of land. This circumstance is thus detailed by W. R. Luce: "Mr. McTavish came to my house and wanted to look at my deeds. I was letting him have the right of way, and I showed him the deed, and he asked me how much land I owned there, and I said, 'One hundred and eight acres.' I thought I did; and he says, 'Well, according to your field notes, it is between 80 and 90 acres.' I didn't think nothing about it. I thought I had a deed, and never did think nothing about it. * * * I told Mr. McTavish that all I could sell was what I had a deed to. * * * I did not know where the shortage was. I did not know about the 27½ acres not being included."

Defendant Durham did not discover the mistake in the deed until the summer of 1909, when his attention was called to it by a surveyor, who examined the deed and ran the lines to ascertain the amount of timber on the land. This suit was brought on December 3, 1909. The answer of the defendant Durham, containing his plea for reformation of the deeds before mentioned, was filed February 5, 1910. The testimony of the defendant Durham shows that he placed improvements upon the land in controversy which cost him several hundred dollars, but there is no evidence of the value of the land and no evidence from which it can be determined in what amount, if any, the present value of the property is increased by the improvements.

Under appropriate assignments of error, the appellant contends that the judgment of the court below should be reversed and judgment here rendered for appellant for the following reasons: First. Because the undisputed evidence shows that plaintiffs sold the land in controversy to W. R. Luce, who paid plaintiffs the purchase price therefor, and was placed in possession thereof by plaintiffs, and on the faith of such sale and purchase the said Luce and his vendees have made permanent and valuable improvements on said land. Second. Because the undisputed evidence shows that plaintiffs sold the land to W. R. Luce and received the purchase money therefor, and intended to convey it by the deed executed and delivered by them to said Luce, and that failure to sufficiently describe the land in said deed was a mutual mistake on the part of the parties to said deed, which mistake defendants did not and could not in the exercise of proper diligence have discovered sooner than they did, and their right to have said deed reformed, so as to express the true intention of the parties, is not barred by the statute of limitation. Third. Because the undisputed evidence shows that both W. R. Luce and the defendants purchased and paid for the two tracts of land of 80½ and 27½ acres, respectively, and neither of them would have purchased the 80½-acre tract without the 27½-acre tract, and plaintiffs by

their words and conduct induced said Luce and defendants to believe that the deed executed by plaintiffs conveyed both tracts, and therefore defendants are entitled in equity to recover of plaintiffs the 27½-acre tract in controversy.

[1] The first of these objections to the judgment cannot be sustained, for the reason that the land in controversy was a part of the homestead of the plaintiffs T. L. Luce and wife, and title thereto could only pass by deed, duly executed and acknowledged by Mrs. Luce. The evidence in the record fails to show, if it does not negative the idea, that Mrs. Luce has acquired another homestead since the sale of the property in controversy, and there is nothing in the pleadings or the evidence to bring the case under the doctrine announced in Goff v. Jones, 70 Tex. 572, 8 S. W. 525, 8 Am. St. Rep. 619, and Marler v. Handy, 88 Tex. 421, 31 S. W. 636. We think the cases of Stallings v. Hullum, 89 Tex. 431, 35 S. W. 2, Barry v. Donley, 26 Tex. 745, Tannery v. McMinn (Civ. App.) 86 S. W. 640, and Veeder v. Gilmer (Sup.) 129 S. W. 595, settle the question against appellants' contention.

[2, 3] The second objection presents a question of more difficulty. The general proposition presented by appellants, "that a court of equity will correct a description in a deed where, by mutual mistake of the grantor and grantee, land other than that sold is conveyed, or land sold is not conveyed," is so well sustained that citation of authorities is unnecessary. There is conflict in the authorities on the question whether this rule should apply to the deed of a married woman, conveying her homestead or her separate property. In the case of Avery v. Hunton, 23 Tex. Civ. App. 353, 56 S. W. 210, the Court of Appeals for the Fifth district, in an able and well-considered opinion by the late Justice Finley, answers this question in the affirmative. This court, in the case of Openshaw v. Rickmeyer, 45 Tex. Civ. App. 508, 102 S. W. 467, followed that opinion. When a married woman executes a deed with all the formalities required by the law, by which she intends to convey her homestead or her separate property, the correction of a mistake in the description of the property intended by all the parties to the instrument to be conveyed thereby is not the creation of a new contract for the married woman, but only makes the contract properly executed and acknowledged by her express her true intention. Such correction in no way impairs the effect of our statute, which requires the conveyance of a married woman to be by deed, duly executed and acknowledged by her in the manner prescribed by the statute.

[4–6] But equity will only correct a mistake in a deed when such mistake is the mutual mistake of all the parties to the instrument, and under our statute of limitation a suit to correct such mistake must be

brought within four years after the mistake was discovered, or should have been discovered by the exercise of reasonable care and diligence. The evidence in this case would authorize the conclusion that Mrs. Luce intended when she executed the deed in question to convey both tracts of land and that the failure to include the 27½-acre tract in the description given in the deed was a mistake on her part, just as the undisputed evidence shows that it was on the part of her husband and W. R. Luce, the grantee in the deed, but does not compel such finding. There are no findings of fact nor conclusions of law in the record, and the judgment of the court upon the issue of defendants' right to reform the deed is a general one in favor of plaintiffs. Upon this state of the record, if the evidence is sufficient to sustain the finding that Mrs. Luce knew, when she signed and acknowledged the deed, that it did not convey the 27½-acre tract, we must presume in support of the judgment that the trial court so found.

[7-10] We think the evidence before set out is sufficient to sustain such finding. The burden was upon appellants to show that the mistake was mutual; that is, that both the grantors and grantees understood and believed at the time the deed was executed that it conveyed the land in controversy. Mrs. Luce was not a witness in the case, and the only direct evidence as to her understanding of what the deed conveyed is the testimony of her husband, T. L. Luce, which, while hearsay, was brought out by the appellants and admitted without objection. This testimony, which has been above set out, authorizes the conclusion that she did not believe at the time she executed the deed that it conveyed the land in controversy, but on the contrary, that she knew that it did not. This being true, appellants are not entitled to have the deed corrected on the ground of mutual mistake.

[11] We think the evidence is also sufficient to sustain the finding that, by the exercise of ordinary care and diligence on the part of W. R. Luce and appellant Durham, both of them should have discovered the mistake in the description contained in the deed more than four years before the filing of appellants' cross-bill, setting up such mistake, and seeking to have the deed corrected. It may be that under the rule announced by this court, in the case of Isaacks v. Wright, 50 Tex. Civ. App. 312, 110 S. W. 970, the trial court could have properly found from the evidence that neither W. R. Luce nor the appellant Durham could, by the exercise of reasonable diligence, have discovered the mistake sooner than they did, but the evidence does not require such finding, and under the rule before stated we must presume, in support of the judgment, that the court found otherwise.

[12-14] It is clear to us that the information given W. R. Luce by McTavish was sufficient to put him upon inquiry, which, if followed with reasonable diligence, would have led to the discovery of the mistake in the deed. This being true, the statute of limitation against an action to correct the deed was put in motion, and the running of the statute was not interrupted by the sale to Durham, and the question of whether Durham should have sooner discovered the mistake is immaterial, though, as before stated, we think the evidence would authorize the finding that he, too, by the use of proper diligence, should have discovered the mistake more than four years before he sought by his cross-bill to correct the deed.

[15] What we have said in answer to the first objection to the judgment disposes of the third. A married woman can only convey her homestead or her separate property in the manner prescribed by the statute, and neither her homestead rights nor the title to her separate estate can pass by estoppel, unless such estoppel is predicated upon conscious affirmative fraud on her part. The evidence in this case does not require a finding that Mrs. Luce was guilty of such fraud, and there is no pleading to support a judgment for defendants on this ground.

[16] There was not sufficient evidence to enable the court to determine what, if anything, appellant Durham was entitled to recover as the value of the improvements placed by him on the land, and for that reason alone the court did not err in refusing to award him anything for such improvements, if it be conceded that he was a purchaser in good faith, and entitled to receive compensation for such improvements. Thomas v. Quarles, 64 Tex. 491; Herndon v. Reed, 82 Tex. 647, 18 S. W. 665.

This disposes of all of the questions presented in the able brief of appellants. We have carefully examined all of the assignments, and in our opinion none of them should be sustained.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.