## W. C. BOLES v. S. J. AND R. C. LINTHICUM.

1. JUDGMENT BY DEFAULT.—Judgment final by default against one of several defendants, cannot be entered until the disposition of the case as to the others.

2. STATUTE CONSTRUED.—Paschal's Digest, 1450, relating to judgments by default.

3. SAME.—A judgment by default establishes, as against the party in default, the facts properly alleged by the plaintiff, and, when the case is ready for final disposition, authorizes the entry against him of such judgment as the facts alleged may warrant.

4. SAME.—The interlocutory judgment by default only deprives the defendant of the privilege of filing an answer, which otherwise he might do at any time prior to the call of the case for trial or final disposition.

5. PRACTICE.—The error in taking judgment final by default against a defendant, while the case is not disposed of as to other defendants who have answered, is not cured by the subsequent dismissal as to such other defendants.

6. PARTIES.—Where the pleadings of plaintiff show the legal title to the land sued for to be in one of several defendants, and that such title so held is for the benefit of one of the defendants, and the equitable powers of the court are invoked to cancel and annul such title, the beneficiary is a necessary party, and a decree will not be rendered without such party.

7. FORM OF JUDGMENT.—Where the pleadings seek to cancel title deeds under which defendant is alleged to hold, the final judgment should conform to such pleadings; and in such case the ordinary judgment in trespass to try title would be error.

APPEAL from Rusk. Tried below before the Hon. A. J. Booty.

On November 17, 1875, Sarah J. Linthicum and husband brought trespass to try title for 108 acres of land, against S. M. Boles, alleged to be in possession. The petition also alleged that Boles claimed the land under a pretended deed from one J. E. Norvell, which deed was a cloud upon plaintiff's title.

April, 1876, defendant pleaded not guilty. May 25, 1877, plaintiff filed a supplemental petition, making W. C. Boles a party defendant, alleging a fraudulent combination between defendants to cheat plaintiff; that they claimed the land under a sale made under a deed of trust made by said Norvell to S. M. Boles, to secure him in a debt; that on the sale the deed was taken in the name of W. C. Boles, son of Samuel, in secret trust for his father; that a secret deed had been made by the son to the father, &c.; that they were purchasers with notice of plaintiff's title; said Norvell being also a purchaser without consideration, and with notice, from the

vendor of plaintiff; and judgment asked cancelling the deed, &c.

July 21, 1877, judgment final by default was rendered against W. C. Boles, in the ordinary form of judgment in trespass to try title. On same day, defendant filed a motion for a new trial.

July 23, plaintiff dismissed her suit against S. M. Boles, the original defendant.

W. C. Boles appealed. The errors assigned are shown in the opinion.

*Jones & Wymer,* for appellants.

*N. G. Bagley,* for appellees.—The plaintiffs were entitled to a judgment by default, when the defendant was properly in court and failed to answer; (20 Tex., 729; 24 Tex., 302; 27 Tex., 428; 29 Tex., 154, 158;) and there was no need to take an interlocutory judgment. (6 Tex., 329.)

In a judgment by default, the facts set out in the petition are to be taken as proved; and if in this case the allegations are sufficient to sustain the judgment, there seems to be no reason why it should be disturbed. (17 Tex., 437; 16 Tex., 550; 10 Tex., 214; 11 Tex., 19; 4 Tex., 362; 3 Tex., 305; 21 Tex., 508; 20 Tex., 454; 4 Tex., 381.)

Applications to open defaults ought not to prevail, if they would delay a trial, (20 Tex., 118, 797,) or unless the motion is supported by an affidavit, or other evidence of merit, which was not done here. (18 Tex., 32; 25 Tex. Supp., 403.)

The appellees only recovered what interest the appellant had in the land sued for. If he had no interest, he has no right to complain of the judgment. It is very evident, that the appellant does not show any reason or legal excuse why he did not file his answer in proper time, nor does he show that he has any merits or defense to entitle him to have the judgment by default set aside. (Wright *v.* Thomas, 6 Tex., 420; Cochrane *v.* Middleton, 13 Tex., 275.)

As the appellant does not show that he is injured by the judgment, or that he has any equitable or legal defense to the suit, it would seem to be unnecessary to set aside the judgment, or grant him a hearing.

MOORE, ASSOCIATE JUSTICE.—A final judgment by default against appellant was certainly improper and unwarranted, until the case was also disposed of as to his co-defendant, S. M. Boles, who had answered the plaintiff's petition. The forty-seventh section of the act of 1846, to regulate proceedings in the District Court, provides, that "where there are several defendants in a suit, and some of them appear and answer, and others make default, an interlocutory judgment by default may be entered against those who do not answer, and the case may proceed against the others; but only one final judgment shall be given in the suit." (Paschal's Dig., art. 1450.)

An interlocutory judgment by default establishes, as against the party in default, the facts properly alleged by the plaintiff, and, when the case is ready for final disposition, authorizes the entry against him of such judgment as the facts alleged warrant. But until this stage of the case is reached, the only effect of the interlocutory judgment is to deprive the party in default of the privilege of filing an answer, which otherwise he might do at any time prior to the call of the case for trial or final disposition. If the suit had been legally discontinued as to his co-defendant, and continued still pending against him, a final judgment by default could no doubt have been taken against appellant. But such is not the case presented by this record. The judgment against appellant was entered some days before the case was dismissed as to S. M. Boles. It is therefore unnecessary, at this time, to consider the effect of such discontinuance. The statute exempts appellant from final judgment, by reason of his default, until the case is disposed of as to his co-defendant. The policy or importance of this privilege is not to be considered or weigh-

ed by the court. It is enough that it is given appellant by the statute. A judgment depriving him of this privilege is erroneous, and must be reversed.

The judgment against appellant is also erroneous, because it does not conform to the pleading, and the nature of the case established by his default. Though appellant and his co-defendant are charged with a trespass, yet it is quite apparent that plaintiffs' action, as presented by their supplemental petition, cannot be regarded as simply an action of trespass to try title. Certainly, in its leading and essential features, it is in the nature of a suit in equity to establish Mrs. Linthicum's right to the land described in the petition, and to annul the title of the defendants; which, from the averments in the petition, we must infer was sufficient to vest the title in the defendant S. M. Boles, whether the legal title was in him or appellant, but for his knowledge, and that of those under whom he claims, of appellees' rights, when the land was conveyed to them. Although appellees' pleadings are quite loose and contradictory, the inference to be drawn from them, taken as a whole, is, that whether appellant holds the legal title to the land or not, his father, S. M. Boles, is the real party in interest; and whatever title appellant has, is held by him in trust for his father. If this is so, certainly S. M. Boles is a proper party to a suit to divest appellant of this title; and a court of equity would not cancel and annul a title thus held, without the *cestui que trust* being a party to the suit.

Nor does the ordinary judgment in an action of trespass to try title, as rendered in this case, conform to the pleadings by which appellees invoked the equitable jurisdiction of the court to establish their right to the land, and to cancel and annul the apparently better title under which it was claimed by appellant and his co-defendant.

The judgment is reversed and the cause remanded.

REVERSED AND REMANDED.