ATKINSON et al. v. SHELTON et al.

(Court of Civil Appeals of Texas. Texarkana. July 9, 1913. Rehearing Denied Oct. 9, 1913.)

1. QUIETING TITLE (§ 43*)—PROOF OF TITLE.

When plaintiff's title is controverted by a plea of not guilty, in an action to quiet title, plaintiff must show that the title was in him at the commencement of the suit, either by deraignment from the sovereignty of the soil or from a common source of title.

[Ed. Note.—For other cases, see Quieting Title, Cent. Dig. §§ 84–87; Dec. Dig. § 43.*]

2. JUDGMENT (§ 126*)—DEFAULT JUDGMENT—PROOF OF TITLE—NECESSITY.

Where the original petition upon which an interlocutory judgment of default was taken was not in the statutory form of trespass to try title, but rather a petition to quiet title, Rev. Civ. St. 1911, art. 7750, providing that, where defendant in trespass to try title does not appear and answer, judgment by default may be entered for plaintiff without proof of title by plaintiff, would not apply to relieve plaintiff from proving title since the effect of a default judgment must be measured by plaintiff's pleadings.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 223, 224, 228–230; Dec. Dig. § 126.*]

3. JUDGMENT (§ 126*)—PROOF OF TITLE—EFFECT OF DEFAULT OF PART OF DEFENDANTS.

Under Rev. Civ. St. 1911, art. 1937, providing that an interlocutory judgment by default may be entered against a part of the defendants not answering, and the cause proceed against the others, but only one final judgment shall be rendered, that one of defendants defaulted in an action to quiet title would not relieve plaintiffs from proving title as against the answering defendants, who pleaded not guilty, so that the default judgment was not admissible against such answering defendants to prove title; the title of the defaulting defendant not vesting in plaintiffs upon default until final judgment was entered.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 223, 224, 228–230; Dec. Dig. § 126.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by R. T. Shelton and another against G. W. Atkinson and others in which defendants filed a cross-action. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

J. D. Cottrell, of Plano, for appellants. G. R. Smith and J. M. Muse, both of McKinney, for appellees.

LEVY, J. The suit is by appellees Shelton and Muse against J. T. Atkinson, G. W. Atkinson, and G. C., Mark, and Edna Atkinson. The original petition was in the form of an action to remove cloud from title. On the original petition, and after service, an interlocutory judgment by default was entered against J. T. Atkinson. After the order of default against J. T. Atkinson was entered, an amended original petition was filed, which was in the ordinary form of trespass to try title, and with the additional allegation of the adverse claim of all the defendants being a cloud upon the title of the plaintiffs. G. W. Atkinson made answer; but before trial his death was suggested, and the suit was abated as to him. The three remaining defendants answered, among other things, by plea of not guilty, and by cross-action claimed title to the land. After the evidence was heard, the court peremptorily instructed a verdict in favor of plaintiffs against the three named defendants for the land, and the said defendants appeal and assign error, besides others, upon giving a peremptory instruction against them.

[1, 2] Appellees relied upon G. W. Atkinson being the common source of title under which they and these appellants claim. A deed from Dudley & Sheppard to G. W. Atkinson, and from G. W. Atkinson and wife to J. T. Atkinson, to the land in suit was offered in evidence. Appellees then offered in evidence the interlocutory judgment by default against J. T. Atkinson, and, except as thus stated, appellees did not offer any conveyance or proof of title in themselves to the land or that would connect themselves in any way with J. T. Atkinson, or under G. W. Atkinson, the third person relied on as

common source. The testimony of appellees admits that they never were in possession of the land. It is the well-settled rule that, when the title of the plaintiff is controverted by the plea of not guilty, the plaintiff must prove, in order to entitle him to recover, that the title to the premises was in him at the time of the commencement of the suit, either by deraignment from the sovereignty of the soil or under a common source with the defendant. Admittedly in the record the appellees did not discharge the burden of proof as against these appellants, unless the legal consequences of the interlocutory judgment by default against J. T. Atkinson operated to make the appellees' proof of the cause of action sufficient. The original petition on which the interlocutory default judgment in evidence was taken should properly be construed, we think, as pleading only an action to remove cloud from title, and not an action in the form of trespass to try title with title specially pleaded, as urged by appellees. As the original petition under which the interlocutory judgment of default was taken was not in the statutory form of trespass to try title, article 7750, R. S., would not either control or have exclusive application to the question being considered, for it is generally understood that the effect of a judgment by default must be measured by the particular pleadings of the plaintiff.

[3] It is expressly provided by article 1937, Revised Statutes, that, where there are several defendants, some of whom have answered, and others have made default, an interlocutory judgment by default may be entered against those who have not answered, and the cause may proceed against the others; but only one final judgment shall be given in the suit. In Boles v. Linthicum, 48 Tex. 220, the effect of an interlocutory judgment by default is thus given: "An interlocutory judgment by default establishes, as against the party in default, the facts properly alleged by the plaintiff, and, when the case is ready for final disposition, authorizes the entry against him of such judgment as the facts alleged warrant. But, until this stage of the case is reached, the only legal effect of the interlocutory judgment is to deprive the party in default of the privilege of filing an answer, which otherwise he might do at any time prior to the call of the case for trial or final disposition." So by giving the interlocutory judgment by default the legal effect of depriving the defendant J. T. Atkinson of the privilege of filing an answer, and considering that the statute exempted J. T. Atkinson from final judgment by reason of his default until the case is disposed of as to his codefendants, it would seem to follow that the title of J. T. Atkinson would not pass and vest in appellees by operation of law resulting through default, until the final judgment, in which the interlocutory default judgment is embraced, is entered. The article of the statutes does not in terms relieve the plaintiffs of any proof of the facts alleged. And, unless the interlocutory judgment by default against J. T. Atkinson could be said to have had the legal effect, which it did not, of passing or merging the rights of J. T. Atkinson into appellees at the time of the default and before final disposition of the whole case, it would follow that proof of title in appellees to the land was not made during the trial as against these appellants. So it is believed that the fact that J. T. Atkinson suffered default on the original petition to remove cloud from title does not legally operate to dispense with the necessity of proof as to these answering defendants, on both the original and the amended petition, who controverted by their plea of not guilty the material allegations of the plaintiffs' petition. Hence, as the interlocutory judgment by default against J. T. Atkinson was not competent evidence in the suit against these appellants, the appellees have failed to make legal proof of any title in themselves as against these appellants, which they were bound to do to recover, and it was error to instruct a verdict for them.

As appellees failed to show title in themselves against these appellants, they were entitled, in support of their cross-action, to offer the deed to G. W. Atkinson from J. T. Atkinson, and it was error, as the record appears, to refuse it in evidence. The eleventh assignment is therefore sustained so far as this appeal is concerned.

The judgment is reversed, and the cause remanded.