We think the correct conclusion was reached on each and every issue raised and appellant's motion for rehearing is overruled.

### ROWLES v. ADAMS et al.
### No. 4660.

Court of Civil Appeals of Texas. El Paso.

Oct. 5, 1949.

Rehearing Denied Oct. 26, 1949.

Garland Casebier, Ft. Stockton, for appellant.

Travers Crumpton, Ft. Stockton, W. A. Hadden, Ft. Stockton, for appellees.

SUTTON, Justice.

This is a trespass to try title case and comes from the 112th District Court of Pecos County. Rowles sued Adams and Pecos County to recover a small tract of land described by metes and bounds, same being a portion of a 30-foot road designated on a map and plat of a large body of land prepared and filed in the deed records of Pecos County by the Fort Stockton Irrigated Lands Company. The plat was filed for record August 9, 1909. The plaintiff specifically pleaded and claimed title under the ten year statute of limitation. The defendants defended on the theory the land sued for was a portion of a roadway dedicated to public use and that the statute Art. 5517, Vernon's Statutes, defeated the asserted cause of action.

The trial on the facts was to a jury. On the announcement that plaintiff rested defendants filed their motions for an instructed verdict, which the court granted and instructed the jury to return their verdict in general form for the defendants. Judgment was accordingly rendered that plaintiff take nothing by his suit and that the defendants go hence with their costs. From this judgment the plaintiff brings this appeal.

Plaintiff has two points, first that the court erred in instructing the verdict because the defendants wholly failed to prove the area was ever validly dedicated as a public road, and secondly because the court erred in instructing a verdict because a question of fact was raised for the jury as to whether the area had been abandoned prior to the institution of the suit. The defendants reply the statute, supra, bars any recovery by the plaintiff.

Only two witnesses testified, the plaintiff and the County Clerk. The Clerk merely testified she had made a search of the minutes and records of the Commissioner's Court and had been unable to find any acceptance of the roads delineated on the plat as such. Plaintiff's testimony was at considerable length.

The Fort Stockton Irrigated Lands Company subdivided a body of land consisting of some thirteen thousand acres into sections and tracts. The tracts are of ten acres each. The sections and tracts are divided into Blocks 1 and 2. Every one-fourth of a mile a road is designated in most instances 30 feet in width so that each tract adjoins a road. There are delineated on the plat 80 to 100 miles of roads, which embraces a sizeable per centum of the area platted. The certificate on the plat recites the subdivisions and purports to reserve all ditches, canals and laterals shown on the plat, together with rights of way varying in width from ten to twelve and one-half feet on either side of the center thereof, "across, over, under and along any public roads shown on said map", and also further "for any such ditches, canals and laterals as they may find it necessary or advisable to construct hereafter on said lands;" also a 100 foot right of

way for a railroad or railroads across, over, under and along any public roads shown on said plat. It is further recited: "Subject to the above recited reservations said Company hereby dedicates to public use the roads marked and described and as marked and described in the accompanying plat."

The area in dispute here is a portion of one of the roads delineated on the map. The plaintiff and the defendant, Adams, owns tracts in Block 1 abutting on the road involved in this litigation. Plaintiff owns some 70 to 80 acres in all and Adams at least ten full tracts and a part of four totaling 124.91 acres. The position of the tracts adjacent to the area involved is shown roughly by the plat that follows. The tracks owned by plaintiff are marked with "R" and those belonging to Adams "A".

he came from Pennsylvania to Ft. Stockton and purchased originally two tracts of land from the Company. They advertised the lands as suitable for the growing of citrus fruits and California grapes. The project as advertised failed and the farm lands subsequently developed have been devoted to cotton and alfalfa farming in the main. The lands were originally "in the brush". He testified in detail as to his occupancy and use of the disputed area and it was admitted in oral argument and in the brief filed by the defendants he had occupied the disputed area for many years and in excess of the time required to acquire title under the statute, except for the prohibition of Art. 5517, supra.

Plaintiff introduced the plat for locative purposes only. The defendants offered it for all purposes.

Plaintiff testified further the road had

The testimony given by plaintiff is the Company prior to 1911, advertised extensively the lands and area owned and platted by it and in response to the advertisement never been used as a road by anyone and that he had cultivated and occupied the disputed portion for 35 years. His testimony further shows that Mr. Adams drilled

three water wells on the southern end of tract 44 in 1948, to supplement the water supply he received through the canals for irrigating his lands and in order to reach his wells for drilling, equipping and servicing same he opened a gate on the designated roadway and used it and the roadway to reach his wells. It was thus this litigation originated.

█ It has already been pointed out the defendants pleaded and rely solely on the proposition the disputed area is a portion of a road dedicated to public use as disclosed by the plat of record and introduced in evidence by them for all purposes and that under the provisions of Art. 5517, supra, plaintiff is cut off. It is elementary that a defendant must support his pleaded defense or defenses by proof. The defendants having relied upon a dedication for public use the burden was upon them to establish the dedication. The essentials of a dedication are a competent person to dedicate; a public purpose to be served by the dedication; an offer or tender and an acceptance of the offer or tender, 14 T.J. 687, Sec. 4. It goes without saying that only the owner of the property proposed to be dedicated may dedicate the same and it is held he who relies upon the dedication must show the dedicators had title to the property at the time the same purports to have been dedicated, 26 C.J.S. Dedication, § 44, Sub. b, p. 116; Gladewater Lumber & Supply Co. v. City of Gladewater, Tex.Civ. App., 87 S.W.2d 527; Chenoweth Bros. v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446, and the authorities cited in the test and cases.

There is absolutely no proof in this record of title in the dedicator It is likewise essential that an acceptance of the dedication be proved, 14 T. J. 710, Par. 21, and the cases cited; 16 Am.Jur. 377, pars. 30–31; 26 C.J.S. 93, Dedication, § 34.

The record on acceptance in any form is likewise entirely silent. There is negative proof there was no formal acceptance by the County. The acceptance of the extensive roads depicted on the plat in evidence involved the assumption of considerable burdens incident to opening, maintenance and repairs and it may be inferred the County would not be too ready to assume such burdens.

█ Since a dedication is not established there could hardly arise the issue of extinguishment or abandonment, but the plaintiff presents that issue. The tracts each contains 10 acres and each 640 acre section contains 64 tracts. Each abutting owner owned to the center of the roads designated, burdened only with the right of way easement, if in fact and law there be one. Aside from the absence of proof of a dedication the inference must be drawn from the record many, if not most of the roadways have never been used for road purposes, as is the case with the disputed section. To hold so extensive an area because of its purported dedication, or dedication in fact, cannot be abandoned or extinguished and devoted to other useful purposes would constitute an almost intolerable economic waste. It is held an easement may be abandoned or extinguished, 15 T.J. 805, Sec. 32; Chenoweth Bros. v. Magnolia, etc., supra.

Further, the judgment in this has the effect of divesting the fee title to the servient estate to one-half the road, if it be conceded to be one, out of plaintiff and vesting it in the defendants without any proof to support it.

For all the reasons indicated the judgment of the trial court will be reversed and the case remanded.