**SECOND NAT. BANK OF HOUSTON**

v.

**FUQUA et al.**

No. 3125.

Court of Civil Appeals of Texas. Waco.

Dec. 3, 1953.

Rehearing Denied Dec. 31, 1953.

Baker, Botts, Andrews & Parish, and James G. Ulmer, Houston, for appellant.

James F. Parker, Beaumont, for appellees.

HALE, Justice.

This is an appeal from an action in trespass to try title. Appellees, Lois Cruse Fuqua and others, sued The Second National Bank of Houston as trustee under the will of H. Hamilton, deceased, and M. C. Jordan and wife to recover title to and possession of 20 acres of land in the Willis Donohoe League in Hardin County, Texas. The Bank answered with a plea of not guilty and a general denial. The Jordans disclaimed any interest in the land. Although the case was tried before a jury, the parties stipulated upon the conclusion of the evidence that there was no issuable fact and the jury was dismissed. Thereupon, the court rendered judgment for appellees and the Bank has appealed.

Mrs. E. A. Hooks is the common source of title to the land in controversy. On March 5, 1904, Richard Waterhouse and W. W. Waterhouse filed a suit in trespass to try title in the District Court of Hardin County, being Cause No. 1131, whereby they sought to recover the title to and possession of 2,200 acres of land, more or less, being the west one-half of the Willis Donohoe League, from approximately one hundred defendants en masse, including Mrs. E. A. Hooks and H. Hamilton. At that time, Mrs. Hooks owned 165 acres in the Donohoe League, including the 20 acres in controversy; but, during the pendency of Cause No. 1131 in Hardin County, H. Hamilton acquired the title of Mrs. Hooks to the 20 acres by virtue of an attachment, foreclosure and sale growing out of Cause No. 34,344 in the District Court of Harris County, styled Hugh Hamilton v. Mrs. E. A. Hooks. After the levy of the writ of attachment, Mrs. Hooks attempted to convey the property here at issue by general warranty deed to her daughter, Mrs. R. E. Davis, who was not a party to Cause No. 1131 and the title asserted by appellees herein is deraigned through Mrs. Davis.

On October 17, 1905, judgment was rendered in the Waterhouse case, being Cause

No. 1131 in the District Court of Hardin County, which recites, among other things, that certain defendants therein named, including H. Hamilton, although duly cited to appear and answer, had made default, and certain other defendants, including Mrs. E. A. Hooks, had answered and announced ready for trial. The judgment further recites that the court, after hearing the pleadings, evidence and arguments in the case, was of the opinion that the law was with the answering defendants. The judgment decrees that the plaintiffs Waterhouse recover of the defendants in default the relief sued for but that they take nothing as against the answering defendants.

On April 27, 1917, Hugh Hamilton filed his original petition in Cause No. 2891 in the District Court of Hardin County against Richard Waterhouse and W. W. Waterhouse seeking to set aside the prior decree in Cause No. 1131 dated October 17, 1905 on the ground that no service of citation was ever had upon him in that cause and on April 16, 1918, the court rendered judgment in his favor, finding that Hamilton was not served with citation and decreeing the Waterhouse judgment to be null and void in so far as it affected or purported to affect the title or interest of Hamilton in and to the land here in dispute.

■ In the trial of the present case the court below was of the opinion that the legal effect of the Waterhouse judgment rendered in 1905 in Cause No. 1131 was to divest Hugh Hamilton of his title to the 20 acres here in controversy and to vest title to the same in Mrs. E. A. Hooks, or in Mrs. R. E. Davis as grantee of Mrs. Hooks and that the correctness of the judgment here appealed from must either stand or fall on that construction. Appellant says such construction is erroneous and that the trial court erred in failing and refusing to conclude that the Waterhouse judgment did not vest the title of Hugh Hamilton in Mrs. E. A. Hooks, its contention being "that inasmuch as no issues were drawn between any of the Waterhouse defendants inter se, whether by cross pleadings or otherwise, the codefendants were not adversary par-

ties in that litigation, that the Waterhouse judgment adjudicated nothing as between them, and that The Second National Bank of Houston is not barred by that judgment from asserting the title which Hugh Hamilton acquired from Mrs. Hooks prior to its rendition." We have concluded that appellant's contentions are correct and that the Waterhouse judgment in Cause No. 1131 did not vest Hugh Hamilton's title to the land here in controversy in Mrs. Hooks or in her grantee, Mrs. Davis.

The general statement that a judgment is binding and conclusive upon the parties to the suit in which it is rendered is usually subject to the limitation that by "parties" is meant "adversary parties." See 26 Tex. Jur. p. 232, Sec. 460 and authorities there cited. In Freeman on Judgments, 5th Ed., Vol. I, Section 424, it is said: "Statutes sometimes make provision for adjudicating the rights of codefendants as against each other, as in case of suretyship. Ordinarily, however, codefendants are not adversary parties, since usually no issues are made between them, and a judgment, therefore, cannot generally be used by one against the other as an estoppel, and this is true even though one of them has filed a cross-complaint, if the other is not made a party to it or had no notice of it."

Under the terms of Rule 799, Texas Rules of Civil Procedure, formerly Art. 7383 of Vernon's Tex.Civ.Stats., if Hugh Hamilton was in fact timely served with citation in Cause No. 1131, the trial court was authorized to render judgment against him and the other defaulting defendants in that cause for the title to and possession of the entire west one-half of the Willis Donohoe League without proof of title to all or any part thereof by the plaintiffs Waterhouse. That part of the judgment, until it was set aside by a direct attack, would have been conclusive upon the plaintiffs Waterhouse and Hamilton and upon all persons acquiring title from Hamilton after the commencement of the action, because the Waterhouses and Hamilton were adversary parties to the action. Art. 7391, Vernon's Tex.Civ.Stats. Since Mrs. Hooks filed an answer in the cause, and since the plain-

tiffs did not make proof of any title in themselves to any part of the entire tract, it was the duty of the trial court to enter a decree that the plaintiffs take nothing against her and the other answering defendants, even though the evidence adduced upon that trial might have shown that Mrs. Hooks had no right, title or interest in or to any part of the entire tract then in litigation. The legal effect of that part of the judgment which decreed that plaintiffs take nothing against the answering defendants was to vest in the answering defendants, collectively, such right, title and interest, if any, as the plaintiffs Waterhouse might have had in and to the entire tract prior to the time when the judgment was rendered.

However, the judgment in Cause No. 1131 did not vest Hamilton's title to the specific 20 acres now involved in the present suit exclusively in Mrs. Hooks or in any person claiming under her, and it did not purport in any manner whatsoever to adjudicate any of the rights theretofore existing between any of the codefendants in that cause. Indeed, we do not think the trial court could have adjudicated any conflicting claims between the common codefendants in that cause, either those who answered or those who failed to answer, for the reason, among others, that none of the codefendants had invoked the trial court's jurisdiction for that purpose. Therefore, we hold the judgment in that cause did not adjudicate anything as between Hugh Hamilton on the one hand and Mrs. E. A. Hooks or her daughter, Mrs. R. E. Davis, on the other hand. Such holding is in harmony, we believe, with the views expressed in the following cases: Boles v. Linthicum, 48 Tex. 220; Sandoval v. Rosser, Tex.Civ.App., 26 S.W. 930, 933; Atkinson v. Shelton, Tex.Civ.App., 160 S.W. 316, er. den.; Hodges v. Moore, Tex.Civ.App., 186 S.W. 415, er. ref.; Boese v. Parkhill, Tex.Civ.App., 202 S.W. 120, er. ref.; Laidacker v. Palmer, Tex.Com.App., 231 S.W. 362; Richardson v. Reid, Tex.Civ.App., 188 S.W.2d 248; Federal Land Bank of Houston v. Brooks, 135 Tex. 370, 143 S.W.2d 928.

Since Mrs. Hooks and her answering codefendants did not acquire Hamilton's title to the land in controversy by virtue of the judgment rendered in Cause No. 1131, it was not necessary for Hamilton to name them or any person claiming under any of them in his suit brought directly against Richard and W. W. Waterhouse in Cause No. 2891 for the purpose of setting aside the judgment theretofore rendered against him by default in said Cause No. 1131. Boone v. Hulsey, 71 Tex. 176, 9 S.W. 531, 532.

Because we have concluded that the trial court erred in rendering judgment for appellees as against appellant, the same is reversed and judgment is here rendered that appellees take nothing by their suit against appellant