Mrs. Rena Maverick GREEN et al.,
Appellants,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 12882.

Court of Civil Appeals of Texas.

San Antonio.

Sept. 14, 1955.

Rehearing Denied Oct. 19, 1955.

referred to as Travis Park or Travis Square.

Travis Park is bounded on the West by Navarro Street, on the North by Pecan Street, on the East by Jefferson Street, and on the South by Travis Street. Appellants actually assert title to only the east two-thirds of Travis Park, being that part of the Park which lies within an ancient Spanish Grant known as the Miguel Losoya Suerte #24. They assert title as some of the descendants and heirs of Samuel A. and Mary A. Maverick. It is admitted by all parties that Travis Park has been maintained by the City of San Antonio for approximately one hundred years as a public park.

The east two-thirds of Travis Park will hereafter be referred to as "subject property," H. B. Zachry, Trustee, as "Zachry," the City of San Antonio as "City," the plaintiffs below as "Appellants," and Samuel A. Maverick and his wife, Mary A. Maverick, as the "Senior Mavericks."

On October 15, 1953, the City entered into a contract with Zachry authorizing Zachry to construct and maintain a subsurface automobile parking garage, together with other facilities underneath Travis Park. Appellants have brought this suit, in truth and in fact, not for possession of the subject property but to secure a declaratory judgment to the effect that they own the fee simple title to it, and to secure an injunction against the City and Zachry preventing them from building and maintaining an automobile parking garage thereunder.

Appellees have suggested that a statutory suit of trespass to try title does not lie, because appellants are admittedly not entitled to the present possession of the subject property and are merely seeking to prevent the City and Zachry from making any use of the property other than for park purposes. We are well aware of the general rule that trespass to try title suits are for both the title and possession of land, and unless plaintiffs are entitled to the

Hubert W. Green, Hubert W. Green, Jr., San Antonio, for appellants.

Carlos C. Cadena, City Atty., San Antonio, Bernard F. Ladon, Carl Wright Johnson, George W. Krog, Chester H. Johnson, O. D. Hite, San Antonio, for appellees.

**PER CURIAM.**

Mrs. Rena Maverick Green and the other appellants herein instituted this suit against the appellees, City of San Antonio and H. B. Zachry, Trustee, in the form of a trespass to try title to a block of land situated in downtown San Antonio and generally

present possession of property ordinarily they cannot properly maintain such a suit. 41–A Tex.Jur. 532, §§ 19 and 20. However, there are exceptions to the rule that a plaintiff to successfully maintain such a suit must show himself to be entitled to immediate possession of the land. Cocke v. Texas & N. O. R. Co., 46 Tex.Civ.App. 363, 103 S.W. 407, error refused. We conclude, under appellants' contention that they are the owners of the fee simple title to the land, subject only to an easement in the City to use the surface thereof for park purposes, and that the City and Zachry are about to appropriate the subsurface to their own use and thereby interfere with appellants' fee simple title, appellants are entitled to maintain this cause of action in its present form, although they are admittedly not entitled to the immediate possession of the subject property.

■ Appellants do not contend that they have shown title in themselves from the sovereignty of the soil, but they do contend that they have deraigned title from a proven common source, as is provided for in Rule 798, Texas Rules of Civil Procedure. The City and Zachry have in no way admitted or pled a common source of title, so the burden of proof was upon appellants to prove by a preponderance of the evidence that appellants and appellees are claiming the subject property from a common source. Appellants in order to meet this burden have attempted to prove that the Senior Mavericks are the common source of title.

The evidence fails to show that the Senior Mavericks were the common source of title. Appellees entered a plea of not guilty and also pleaded the three, five, ten and twenty-five year statutes of limitation. It is admitted by all parties that the City has been in possession of the subject property for approximately one hundred years, using and maintaining it as a public park.

■ Appellants' theory of common source is that prior to 1860 the Senior Mavericks were the owners of the subject property, and that on or about that date they granted an oral implied easement to the City to use the surface of the subject property for park purposes only, and that the City accepted such easement and went into possession of the property under such easement and has held such possession for approximately 100 years, and that therefore the City's possession and use of the property has never ripened into any title to the property, by limitation or otherwise, but such possession by the City remained as it began, only as an easement, and that as heirs of the Senior Mavericks appellants inherited the fee simple title to the property, subject only to the easement for park purposes held by the City. The effect of this contention is that the City never had any title to the subject property. We have serious doubt if the appellants can prove common source of title by proof that the City has no title to the subject property. See Garcia v. Garza, Tex.Civ.App., 161 S. W.2d 297. This is in the nature of attempting to win on the weakness of the appellee's title rather than to prove a common source of title. Appellants must win, if at all, upon the strength of their own title and not upon the weakness of that of appellee. 41–A Tex.Jur. 665, § 138. It is true that a plaintiff is not bound by evidence introduced by him showing that a defendant claims title from a common source (41–A Tex. Jur. 708, § 165), but to prove common source of title the plaintiff must offer evidence connecting the defendant's title with the alleged common source. 41–A Tex. Jur. 706, § 164. This is not accomplished by showing the defendant has no title. Garcia v. Garza, supra. The City in no way asserts title from the Senior Mavericks and appellants offer evidence that the City has no right to claim such a title. The City does assert limitation title by possession for approximately one hundred years, which possession is admitted. The City also asserts title from the King of Spain, under the presumed or lost grant established in Lewis v. City of San Antonio, 7 Tex. 288.

■ However, it may be that a showing that the City went into possession of the subject property under an implied oral dedi-

cation of an easement for park purposes only, would be sufficient to show a common source of title, but, even if this be true, we are still of the opinion that a common source of title is not shown by the evidence, because it fails to show such implied dedication by the Senior Mavericks and an acceptance of such dedication by the City.

The evidence fails to show that the Senior Mavericks were ever in possession of the subject property, ever claimed title thereto, or ever did any act showing an intention to dedicate the property to the City for park purposes. This situation calls for a full discussion of the evidence introduced by appellants. Appellants offered in evidence what they describe as documentary evidence showing dedication by the Senior Mavericks, together with oral testimony by three witnesses tending to show, by general reputation, that in about 1860 Samuel A. Maverick dedicated the subject property to the City for park purposes only. Some of this documentary evidence is taken from proceedings in the case of Sabariego v. Maverick, 1888, 124 U.S. 261, 8 S.Ct. 461, 31 L.Ed. 430, and these documents and their effect on this case will be taken up later. We will first discuss evidence which has no connection with the Sabariego case.

Appellants' specific theory of this case is that the Senior Mavericks at one time owned an ancient Spanish land grant known as the Miguel Losoya Suerte #24, and that two-thirds of what is now known as Travis Park lay within this ancient grant; that the Senior Mavericks made an implied oral dedication of the subject property to the City of San Antonio for park purposes, granting only an easement, or a right to use this property, and retaining the fee simple title in themselves; that the City accepted this dedication and went into possession of Travis Park under this dedication, and therefore has no title to the property other than an oral easement to use the property for park purposes; that appellants, as descendants of the Senior Mavericks, inherited the fee simple title retained by the Senior Mavericks, and thus have a justiciable interest in the present lawsuit.

Appellants admit title cannot be proved by general reputation, but contend that dedication may. It occurs to us that dedication is not what appellants are attempting to prove by reputation, but rather ownership of the fee simple title to the subject property. It is admitted by both sides that Travis Park has been maintained as a city park by the City of San Antonio for approximately one hundred years, and thus there can be no issue as to whether the subject property has been dedicated to park purposes. City of Tyler v. Smith, 151 Tex. 80, 246 S.W.2d 601. What appellants are interested in proving is that the subject property was dedicated by the Senior Mavericks and that they retained the fee simple title thereto. It is an indirect attempt by appellants to prove ownership by general reputation, which they admit they cannot do directly.

In most cases where the question of dedication, *vel non,* is involved the real issue is whether the property has actually been dedicated to a certain use, but here there is no such issue. It is admitted that the subject property has been dedicated to use as a park for approximately one hundred years, and the real question is, Who owns the fee simple title to the property? Therefore, what was said in some of the authorities cited by appellants, to the effect that dedication may be proved by general reputation, has no application here.

In order to prove dedication, it may not always be necessary to show who was the owner of the property at the time of the dedication, but where an implied dedication is attempted to be proven in order to show common source of title, it is necessary to show, among other things, who the owner of the property was at the time of such alleged implied dedication, and that the dedication was made by such owner or his duly authorized agent. We have found no cases directly in point, but the following authorities strongly indicate the correctness of the above statement:

Chenoweth Bros. v. Magnolia Petroleum Co., Tex.Civ.App., 129 S.W.2d 446; Gladewater Lumber & Supply Co. v. City of

774

Gladewater, Tex.Civ.App., 87 S.W.2d 527; Pois v. Sharman, Tex.Civ.App., 296 S.W. 665; Rowles v. Adams, Tex.Civ.App., 225 S.W.2d 984; 18 C.J. 94, § 104; 14 Tex.Jur. 687, § 5;

In 26 C.J.S., Dedication, § 44–b, p. 116, it is stated:

"Ordinarily, the title of a person to a particular parcel of land is not to be presumed from his supposed dedication of such land."

It is true that the Supreme Court reversed the Court of Civil Appeals in Rowles v. Adams, supra (149 Tex. 52, 228 S.W. 2d 849), but in doing so the Supreme Court distinguished that case from such cases as Chenoweth Bros. v. Magnolia Petroleum Co., supra, and Gladewater Lumber & Supply Co. v. City of Gladewater, supra. The principle distinguishing features were that in the Rowles case an individual was trying to recover title to a public road by limitation, which is prohibited by Art. 5517, Vernon's Ann.Civ.Stats., and from the evidence it was shown that plaintiff's deed referred to a recorded plat showing the land in dispute to be a dedicated public road. Those facts do not exist in the case at bar.

■ Appellants contend that where a common source of title has been established it is not necessary to prove title in the common source, and no doubt this is the general rule, 41–A Tex.Jur. 708, § 165, but here appellants are relying upon an oral implied dedication of only an easement to show common source of title, and in order to prove such implied dedication under the facts in this case it would be necessary to prove at least prior possession in the Senior Mavericks, or some kind of title in them if not complete ownership. The evidence here is insufficient to show an oral implied dedication, for park purposes only, of the subject property by the Senior Mavericks, if they were strangers to the title and were not shown to have been in possession of the land.

■ Appellants undoubtedly realized this situation and offered a number of ancient documents attempting to show title in the Senior Mavericks to the subject property. They offered a number of ancient but unrecorded maps attempting to show that at one time the Senior Mavericks were the owners of the entire Suerte #24. The earliest of these maps indicate that there was some kind of public square or public park where Travis Park now stands, and though Samuel A. Maverick's name appears on these unrecorded maps within Suerte #24, there would be no presumption from such maps that he was claiming the streets and parks indicated thereon. The only map to the contrary is plaintiffs' Exhibit No. 12. This map, dated 1855, shows some lots platted in that part where Travis Park is located. It is not shown that this map was ever recorded, nor is it shown who made the map or for what purpose it was made. See, Sawyer v. Reed, Tex.Civ.App., 261 S.W.2d 197. Samuel A. Maverick's name appears on this map within an area in the southern part of Suerte #24, which indicates, if anything, that that area was the only portion of Suerte # 24 claimed by Samuel A. Maverick. The trial was before the court without a jury, and while some favorable deduction to appellants might be made from all these maps, the fact that the trial court found for appellees indicates that he did not make these favorable deductions, and certainly there is nothing about these maps which would compel him to do so.

Appellants offered evidence which tended to establish the fact that the Senior Mavericks, at one time or another, had asserted title to all the lots surrounding the subject property, but they were not able to show that the Senior Mavericks ever asserted title to any part of Travis Park.

■ Appellants offered in evidence a city directory of the City of San Antonio, dated 1887, which contained a statement to the effect that Travis Park was a munificent gift to the City by Samuel A. Maverick. This was introduced as being contained in an ancient document. The statement is in the nature of a legal conclusion of the historian. He does not state upon what his conclusion was based or where he got the information. Under the circumstances it could carry very little pro-

bative force. However, if this statement be given effect it establishes the fact that Samuel A. Maverick gave the park to the City, and not that he gave an oral easement for park purposes only and retained to himself the fee simple title to the property.

■ Appellants offered three witnesses who testified in effect that, according to general reputation existing in San Antonio, Travis Park had been dedicated to the City by Samuel A. Maverick. There was no question about the property being dedicated for park purposes, and the only issue which this testimony could affect is who owned Travis Park at the time it was dedicated. Such hearsay testimony is not admissible to show ownership. McCormick & Ray, § 589, pp. 746 to 749.

■ The remainder of appellants' evidence is taken from the proceedings in the case of Sabariego v. Maverick, supra, which was filed in 1881 and tried in 1885, long after the City had been admittedly in possession of the subject property. Both the City and the Mavericks were parties to this suit. They were all defendants and therefore coparties. The Sabariegos were suing for the title and possession of the entire Suerte #24. The judgment was to the effect that the plaintiff take nothing. As far as the record shows, there was no cross-pleading, and no issues were raised as between the defendants. All defendants pleaded, among other things, that they were not guilty of the trespass alleged. The effect of this judgment was that all of the defendants recovered any and all title to the property which might have theretofore been in the plaintiffs, but as between the defendants no issues were settled by this judgment. 26 Tex.Jur. 232, § 460; Richardson v. Reid, Tex.Civ.App., 188 S.W.2d 248. The general statement that a judgment is binding and conclusive upon the parties is usually subject to the limitation that by "parties" is meant "adversary parties." Second National Bank v. Fuqua, Tex.Civ.App., 262 S.W.2d 834.

Appellants contend that inasmuch as the City in its answer to the Sabariego case did not claim title to any part of Suerte #24, other than Travis Park and the public streets; and further admitted that Travis Park had been dedicated to the City for park purposes, the City could not recover as a result of the judgment in the Sabariego case anything more than an easement to the park and streets within Suerte #24. On the other hand, the City claims that the Mavericks by stating in their answer, in effect, that they were only defending the title to certain portions of Suerte #24, disclaimed title to the park and streets, and therefore the City recovered full title to the subject property as a result of the take nothing judgment in the Sabariego case. We cannot agree with either of these contentions. It is true that the Mavericks by defending the title to only a part of Suerte #24, in effect disclaimed any title as to the park and streets, as far as the Sabariegos were concerned. Rule 801, T. R. C. P., provides that "where the defendant claims part of the premises only, the answer shall be equivalent to a disclaimer of the balance." But this means a disclaimer insofar as adversary parties are concerned, and does not mean a disclaimer as between coparties. Second National Bank v. Fuqua, Tex.Civ. App., 262 S.W.2d 834; 26 Tex.Jur. 232, § 460; Greenspan v. Green, Tex.Civ.App., 255 S.W.2d 917; Richardson v. Reid, Tex. Civ.App., 188 S.W.2d 248; Smith v. Wood, Tex.Civ.App., 229 S.W. 583; Wooters v. Hale, 67 Tex. 513, 3 S.W. 725; Easterwood v. Dunn, 19 Tex.Civ.App. 320, 47 S.W. 285.

Likewise, the City did not disclaim as to that part of Suerte #24 not included in the park and streets, insofar as its codefendants in that suit were concerned. Thus the judgment that plaintiffs take nothing in the Sabariego case, in view of the fact that all defendants filed, among other things, pleas of not guilty, had the effect of awarding to all of the defendants title and possession of the entire Suerte #24, but did not have the effect of awarding title and possession of any particular part of Suerte #24 to any particular defendant. 26 Tex.Jur. 237, § 460.

There is some intimation in the evidence that the defendants later may have treated the judgment as awarding to each defend-

**776**

ant the particular part of Suerte #24 which he claimed in his answer, and thus an oral partition of Suerte #24 may have been accomplished between the various defendants, but the take nothing judgment cannot possibly be construed as deciding title to any particular part of the Suerte as between the codefendants, nor may it work an estoppel among them. Second National Bank v. Fuqua, Tex.Civ.App., 262 S.W.2d 834.

Appellants offered evidence that the City Attorney, in answering in the Sabariego case, after entering a plea of not guilty went further and plead that Travis Park had been dedicated to the City for park purposes. This was not an admission that the City did not have a fee title to the park as between the codefendants, nor was it an admission that Samuel A. Maverick made such dedication. The pleadings did not raise any issues as between the defendants and the judgment did not attempt to settle any issues between them. The defendants were in effect making a common defense as against their adversaries, the plaintiffs. Hon. John Ireland represented all defendants before the Supreme Court of the United States, which shows that all the defendants were making a common defense against their adversaries, the plaintiffs. The same thing is true as to the statement made by Hon. John Ireland in his brief before the Supreme Court of the United States to the effect that all of the defendants claimed under Samuel A. Maverick.

■■■■ It could be true that Samuel A. Maverick dedicated Travis Park to the City some sixty years before the Sabariego suit was filed, but this fact alone would not show want of title in the City. A dedication could carry with it the fee simple title, or it might provide for a reversionary clause in the event the property was ever used for any other purpose. The burden was upon appellants to show that such dedication conveyed nothing more than an easement to the City. This they attempt to do by making the argument that inasmuch as they did not find a written dedication of record or elsewhere, that therefore the dedication must have been an oral one, and inasmuch as the statute requires a written instrument to convey title to land, that the dedicator must not have conveyed any title other than an easement to the City. We do not think that it is logical to presume, under such circumstances, that no title was conveyed to the City. An oral gift of land followed by possession and improvement made upon the land in good faith is effective to convey the fee simple title. Franzetti v. Franzetti, Tex.Civ.App., 124 S.W.2d 195.

■■■ The burden was upon appellants to show that no title passed to the City by virtue of the dedication. If title to the subject property did pass to the City even though there was a reverter provision in case of a violation of the purpose for which the dedication was made, appellants would have no cause of action here. They would find themselves in the same position as the plaintiffs in Davis v. Skipper, 125 Tex. 364, 83 S.W.2d 318.

The trial court properly found that appellants had failed to prove common source of title and therefore the judgment is affirmed.