471 F.2d 1287
 UNITED STATES of America, Plaintiff-Appellee,
v.
115.27 ACRES OF LAND, MORE OR LESS, Situated IN COLLIN
COUNTY, STATE OF TEXAS, and Joe L. Wiley, et al.,
and Unknown Heirs, Defendants-Appellees,
Kendrick Heirs, namely William Ralph Kendrick, N. C. M. by
and through his legal guardian, J. W. Crouch, Jr.,
et al., Defendants-Appellants.
 No. 72-2178.
 United States Court of Appeals,
Fifth Circuit.
 Jan. 9, 1973.
 
 Eric Eades, Jr., Dallas, Tex., for defendants-appellants.
 Roby Hadden, U. S. Atty., Nancy James, Asst. U. S. Atty., Tyler, Tex., Dennis O'Connell, Atty., Dept. of Justice, Washington, D. C., for the United States.
 William M. Boyd, McKinney, Tex., for Sullins Heirs.
 Alex Beall, Tyler, Tex., for Unknown Heirs of Hall.
 Before WISDOM, BELL and COLEMAN, Circuit Judges.
 COLEMAN, Circuit Judge:
 
 
 1
 The narrow issue in this appeal is whether, as to their co-defendants, a state court judgment entered December 15, 1959, deprived the appellants, William Ralph Kendrick, John W. Crouch, Jr., Robert K. Crouch, and Joyce Crouch Lumley, of any right to, title to, or interest in 23.10 acres of land in Collin County, Texas. We think that it did not.
 
 
 2
 This land, designated as Tract 2205, was condemned by the United States for the Lavon Reservoir, on the East Fork of the Trinity River.
 
 
 3
 The amount to be paid for the land condemned is not in dispute. The sole question is: Who shall receive the proceeds? All parties requested a title hearing to determine this issue. The District Court held that by virtue of the state court judgment the appellants had no interest in the condemned tract.
 
 
 4
 We reverse, and remand for a new hearing.
 
 
 5
 We quote from the Title Hearing Judgment of the District Court, rendered March 3, 1972:
 
 
 6
 ******
 
 
 7
 * * *
 
 
 8
 "5. That the parties in the above entitled and numbered cause stipulated at the title hearing held before this Court May 24, 1971, that the record title to the subject tract was in the Kendrick Heirs, subject to the effect of the 1959 Judgment of the District Court of Collin County, Texas, in Cause No. 23443.
 
 
 9
 "6. That in 1956, J. B. Sullins and wife instituted suit in trespass to try title in the District Court of Collin County, Texas in Cause No. 23443, to recover this land against Ed and Rosa Sides, Mary Scribner, Thomas F. Melody, Myrtie Mae Melody, Jim Stewart, William Ralph Kendrick and Laura Kendrick Crouch.
 
 
 10
 "7. That on the 12th day of October, 1958, the State District Court entered its judgment in said Cause No. 23443 that Plaintiffs, Sullins, take nothing.
 
 
 11
 "8. That on the 22nd day of October, 1959, a Motion for New Trial was filed in said Cause No. 23443 by the Plaintiffs, Sullins.
 
 
 12
 "9. That the Motion for New Trial referred to in Paragraph 7 above was overruled by operation of law on December 6, 1959.
 
 
 13
 "10. That the District Court of Collin County, Texas, entered its Amended Judgment in Cause No. 23443 on December 15, 1959.
 
 
 14
 "11. That the District Court of Collin County, Texas, had the right to amend its Judgment any time within 30 days after the overruling of Plaintiffs' Motion for New Trial by operation of law on December 6, 1959.
 
 
 15
 "12. That the Amended Judgment of December 15, 1959, entered by the District Court of Collin County, Texas, in Cause No. 23443 was entered within the proper time contemplated by the Texas Rules of Civil Procedure.
 
 
 16
 "13. That the District Court of Collin County, Texas, in its Amended Judgment of December 15, 1959, specifically found that Defendants, Thomas F. Melody, Myrtie Mae Melody, Jim Stewart, William Ralph Kendrick and Laura Kendrick Crouch, had no right, title or interest in the real property which was the subject matter of that action.
 
 
 17
 "14. That the District Court of Collin County, Texas, in its Amended Judgment of December 15, 1959, held that the Plaintiffs in that action should take nothing by their suit.
 
 
 18
 "15. That the effect of the District Court Judgment in Collin County, Texas, on December 15, 1959, was to vest title to the real property which was the subject matter of that action in Defendants, Ed Sides, Rosa Sides and Mary Scribner."
 
 
 19
 Cause No. 23443, in the District Court of Collin County, Texas, styled "J. B. Sullins, et ux v. Ed and Rosa Sides, et al", was an action in trespass to try title. This action is purely statutory and is not to be confused with a suit to quiet title, Vernon's Ann.Civil Stat.Tex., Article 7364, Standard Oil Company of Texas v. Marshall, 5 Cir. 1959, 265 F.2d 46, cert. denied, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185.
 
 
 20
 Texas adheres to the familiar rule that plaintiffs in trespass to try title suits can win, if at all, only upon the strength of their own claim, and not upon the weakness of that of defendants, Land v. Turner (Tex., 1964), 377 S.W.2d 181, 5 A.L.R.3rd 364; Hejl v. Wirth (1961), 161 Tex. 609, 343 S.W.2d 226.
 
 
 21
 Obviously, therefore, the object of such a suit is to adjudicate the plaintiff's title and right to possession, not that of defendants in the absence of some form of intervention or cross complaint.
 
 
 22
 The original judgment of the District Court of Collin County, Texas, in Cause No. 23443, was "that plaintiffs, J. B. Sullins and wife, Mollie J. Sullins, take nothing by their suit," with appropriate provisions for costs and attorneys fees.
 
 
 23
 However, on December 15, 1959, the Collin County District Court entered an "Amended Judgment" which reaffirmed the prior disposition of the claims of J. B. Sullins and wife, but proceeded further to decree that "Thomas F. Melody, Myrtie Mae Melody, Jim Stewart, William Ralph Kendrick, and Laura Kendrick Crouch have no right, title, or interest in the real property which is the subject matter of this action".
 
 
 24
 William Ralph Kendrick, by his guardian, Laura Crouch, John W. Crouch, Thomas F. Melody and Myrtie Mae Melody had filed disclaimers in response to the Sullins complaint, in which they stated that they neither owned, claimed, nor asserted any right, title, interest, or right of possession in or to the premises described in the Sullins complaint.
 
 
 25
 In the judgment now under review the United States District Court held that the effect of the Collin County District Court judgment of December 15, 1959, "was to vest title to the real property which was the subject matter of that action in defendants, Ed Sides, Rosa Sides, and Mary Scribner".
 
 
 26
 On the face of it, of course, the state court judgment had said only that Sullins and wife had no claim or title. This was later amended to adjudicate the same thing as to the disclaiming defendants. This judgment was not appealed, nor has it been directly attacked as entered without notice or an opportunity to appeal.
 
 
 27
 Where does that leave the matter?
 
 
 28
 Since the state court judgment adverts to no pleadings or adverse claims as between the co-defendants and since plaintiffs "took nothing", we agree with the appellants that the disclaimers filed in the state court had, by estoppel or otherwise, no effect on title as between the co-defendants, some of whom later conveyed to the parties found below to be vested with the title. This appears clearly to be the teaching of Green v. City of San Antonio (Tex.Civ.App., 1955), 282 S.W.2d 769.
 
 
 29
 Moreover, the general rule in Texas, as cited in Green, is that a judgment is binding and conclusive only upon adversary parties, Second National Bank v. Fuqua (Tex.Civ.App., 1953), 262 S.W.2d 834.
 
 
 30
 The appellees respond that the judgment of the state court was final, had not been appealed from, and had not been directly attacked in an effort to set it aside; therefore, "the solemn judgments of a court of competent jurisdiction entered in suits in trespass to try title" may not be collaterally attacked, citing Cox v. Kirby Lumber Corporation, 5 Cir., 1952, 197 F.2d 812.
 
 
 31
 We think, however, that the correct answer is to be found in another direction. Admittedly, the state court had jurisdiction of the parties and of the subject matter. The true issue lies not in a collateral attack on the judgment but in the correct construction of the judgment as rendered, Wheeler v. American National Bank of Beaumont (Tex.Civ.App., 1960), 338 S.W.2d 486, reversed on other grounds, 162 Tex. 502, 347 S.W.2d 918. The recitation in a Texas take nothing trespass to try title judgment that certain defendants have no title cannot operate to vest title in their co-defendants, absent adversary pleadings or claims between them, none appearing in the state court judgment. This is the specific holding in Laidacker v. Palmer, 231 S.W. 362 (Tex.Com.App. 1921). It is not an adjudication of title, Second National Bank v. Fuqua, supra. The state court judgment should have been construed accordingly.
 
 
 32
 The judgment of the District Court is reversed. The cause is remanded for a judicial determination of the title of the appellants without regard to the judgment of the state court herein discussed.
 
 
 33
 Reversed and remanded.